IN RE SMITH.

Opinion delivered June 15, 1931.

*Oscar Barnett,* for appellant.

PER CURIAM. Mrs. Stella Smith, by her attorney, asks this court to compel her husband, Filus Smith, to deposit in the registry of the court a sufficient sum of suit money, including costs and attorney's fees, to enable her to perfect an appeal from the Hot Spring Chancery Court, in which her complaint for divorce was dismissed for want of equity.

We have uniformly held that this court has the power, pending an appeal in a divorce proceeding, to make an order allowing the wife costs and suit money as an incident to the appellate jurisdiction in this court. We have also uniformly held that this court has no appellate jurisdiction until there is filed with the clerk of the court a certified copy of the judgment or decree and the pleadings on file in the court below.

The motion of the petitioner herein is tantamount to asking a rule on the clerk to file a certified copy of the decree of the chancery court without paying the fee of eleven dollars and fifty cents required by § 2141 of Crawford & Moses' Digest. The section is a part of the Acts of 1895 fixing the salary of the clerk of the Supreme Court and for other purposes. Acts of 1895, p. 213.

Section 7 provides that the clerk of the Supreme Court, in lieu of other fees, shall be allowed and paid by the appellant, or plaintiff in error, in advance, in all civil actions and misdemeanors, a fee of $11.50, which shall include all the costs in the case, etc. The action makes no exception as to the payment of the fee in divorce cases, and neither does § 3506 of the Digest, which provides for suit money during the pendency of an action for divorce, and, in the absence of a statute allowing it, the court has no power to make any exception.

For the reason that the court has no jurisdiction until the appeal is pending here, and the appeal is not pending until the docket fee is paid and the transcript lodged with the clerk, as above indicated, the petition must be denied. In this connection it may be stated that there is no attempt to prosecute the suit as a poor person under the provisions of §§ 1850-1855 of the Digest.

Justices HUMPHREYS and MEHAFFY, JJ., dissent.