Jessie JORDAN, Administratrix of the Estate of Homer Jordan, Deceased *v.* WHITE RIVER MEDICAL CENTER

CA 89-514                          783 S.W.2d 836

Supreme Court of Arkansas
Opinion delivered February 5, 1990

*Gary Vinson*, for appellants.

*Barrett, Wheatley, Smith & Deacon*, by: *Paul D. McNeill*, for appellee.

PER CURIAM. The appellant obtained an extension of time to file the record from the trial court on December 11, 1989. The time expired that day to file the record with us. The record consisted only of pleadings and orders in the circuit clerk's office.

The record was ultimately filed December 18, 1989. The appellee moves to dismiss the appeal citing the jurisdictional

limitations on filing transcripts, Rule 5(a) of the Arkansas Rules of Appellate Procedure, and the requirements of Rule 5(b) of those rules.

Rule 5(b) reads in pertinent part:

> In cases where there has been designated for inclusion any evidence or proceeding at the trial or hearing which was stenographically reported, the trial court, upon finding that a reporter's transcript of such evidence or proceeding has been ordered by appellant, and upon a further finding that an extension is necessary for the inclusion in the record of evidence or proceedings stenographically reported, may extend the time for filing the record on appeal, but the order of extension must be entered before the expiration of the period for filing as originally prescribed or extended by a previous order.

It is conceded this record contained no stenographically reported portions. The trial court was without authority to extend the time to file the record, and since the record was not filed within 90 days under Rule 5(a), the appeal is dismissed.

The rule is explicit and for good reason. Otherwise, a lawyer could delay any case for seven months for no good reason. A record that only consists of pleadings and documents can easily be filed within 90 days. The attorney appealing, who delays filing of the record, does so at his peril.

We have always, as near as possible, been strict on this question of jurisdiction. The burden is placed on the appellant's attorney to prepare and file the appeal. *See Finley* v. *State*, 281 Ark. 38, 661 S.W.2d 358 (1983). Attorneys know this, or quickly learn it. Even enforcement of a rule is far more just than selectively granting exceptions.

Motion to dismiss granted.

TURNER, J., dissents.