D.B. GRIFFIN WAREHOUSE, INC. *v.*
Margaret SANDERS, Individually and as Administratrix of the
Estate of
Charles Sanders, Deceased, Appellee;
Travelers Insurance Company, Intervenor

CA 97-1573 965 S.W.2d 784

Supreme Court of Arkansas
Opinion delivered April 9, 1998

*Daggett, Van Dover, Donovan & Perry, PLLC*, by: *J. Shane Baker*, for appellant.

*Wilson & Valley*, by: E. Dion Wilson, for appellee.

PER CURIAM. On February 10, 1998, appellee Margaret Sanders filed a motion to dismiss the appeal filed by appellant D.B. Griffin Warehouse, Inc., on the basis that the filing of the record was not timely. The allegations made, and supported by three affidavits, are that appellant's record was due for filing in the Supreme Court Clerk's Office on December 31, 1997; that it was tendered but not filed on December 26, 1997, due to lack of a circuit court's certificate, nonpayment of the filing fee, and failure to present the original record; that these defects were corrected after the filing deadline (apparently on January 2, 1998); and that the filing of the record was stamped December 26, 1997. Documents sent out by the Supreme Court Clerk's Office show the record was filed on December 26, 1997. The record itself shows receipt and filing as of December 26, 1997.

█ It has long been the practice of the Supreme Court Clerk's office to accept records which are tendered on time and to allow seven days for any errors in form to be corrected. Those errors may include subsequent payment of the filing fee and certification of the record by the circuit clerk. When the defects are corrected, the date of filing is the date the record was tendered — in this case, December 26, 1997.

█ We are mindful that Ark. Code Ann. § 21-6-401 (Repl. 1996) contemplates payment of a filing fee before the record is filed and that our caselaw makes the payment of the fee a condition of the filing, which is jurisdictional. *See In Re Smith*, 183 Ark. 1025, 39 S.W.2d 703 (1931). Here, of course, the fee was paid, and the record was marked "filed" as of the date it was tendered. Thus, the record was tendered within the jurisdictional time frame and was marked "filed" on that date after errors in form were corrected and the filing fee was paid.

It is clear to us that counsel for appellant relied on this practice by the Supreme Court Clerk's office. In fact, counsel for appellee Sanders attaches a letter from appellant's counsel as part of his Supplement to Motion to Dismiss, where appellant's counsel states, in effect, that he understands that this is the practice of the clerk's office.

 Though the record in this case may not have been stamped filed as of December 26, 1997 until January 2, 1998, this was done in accordance with the longstanding practice of the clerk's office.

The motion to dismiss is denied.

NEWBERN, J., not participating.