Alice M. ANDERSON *v.* SEWARD LUGGAGE COMPANY

CA 98–408                                     969 S.W.2d 683

Court of Appeals of Arkansas
En Banc
Opinion delivered June 3, 1998

*Appellant,* pro se.

JOHN B. ROBBINS, Chief Judge. Appellant Alice Anderson has filed her motion for rule on our clerk, requesting us to require our clerk to accept and file an appeal record. By letter and opinion dated March 13, 1997, appellant was notified by the Workers' Compensation Commission that her claim for benefits was denied and dismissed. She then filed her notice of appeal on October 2, 1997. While the tendered record does not reflect when appellant received her copy of the Commission's decision, appellant explains the delay in filing her notice of appeal by stating that she was out

of town when the Commission's certified letter arrived and someone else signed for her.

Appellant tendered the record of the Commission's proceeding on February 6, 1998, but filing was rejected by the clerk because it was untimely. Rule 5 of the Arkansas Rules of Appellate Procedure—Civil requires the record to be filed with the clerk within ninety days from the filing of the notice of appeal. Appellant's motion for rule on clerk offers no explanation as to why she was thirty-seven days out of time in tendering the record.

■■ Even if we consider appellant's notice of appeal as timely, notwithstanding the fact that it was not filed until almost seven months after the Commission's decision, appellant's motion for rule on clerk must be denied because she tendered the record one hundred and twenty-seven days after filing her notice of appeal. We placed the public on notice on May 6, 1987, when we handed down *Evans v. Northwest Tire Service*, 21 Ark. App. 75, 728 S.W.2d 523 (1987), that the appellate rules had been harmonized and no longer would any variance from the ninety-day rule be permitted. We have consistently followed *Evans* ever since. *See Novak v. B.J. Hunt Transport*, 48 Ark. App. 165, 892 S.W.2d 526 (1995).

The concurring judges express concern about the ninety-day requirement in Rule 5 in light of the supreme court's per curiam in *D.B. Griffin Warehouse, Inc. v. Sanders*, 332 Ark. 510, 965 S.W.2d 784 (1998). In that case, the ninety days for filing the appeal record was to expire on December 31, 1997. The appellant tendered the record five days earlier on December 26; however, the record lacked a certificate by the circuit clerk, and no filing fee was paid. By January 2, 1998, these two deficiencies were corrected, and the clerk stamped the record as being filed on December 26, 1997, the date it was originally tendered. In its per curiam denying the appellee's motion to dismiss the appeal, the supreme court noted that it has long been the practice of the clerk's office to allow appellants seven days to correct the record as to errors in form, provided that the record was actually tendered timely, i.e., within Rule 5's ninety days or extensions properly granted thereto.

■ While the concurring judges question the seven-day grace period within which an appellant's deficiencies in complying with all the form requirements of an appeal record may be corrected, the supreme court obviously approves of this practice; and apart from the appellee in *D.B. Griffin Warehouse, Inc.*, it does not appear that anyone else has ever complained about such an act of grace. There are no cases cited, and certainly there is no evidence before us, that suggest that the clerk has not consistently permitted the seven-day grace period when the record was tendered timely, and denied grace when it was not. We are obliged to apply the interpretation that our supreme court has given to its own rules. We may not always agree, but we must always comply.

Motion denied.

PITTMAN, JENNINGS, BIRD, ROGERS, STROUD, CRABTREE, and MEADS, JJ., agree.

AREY, NEAL, GRIFFEN, and ROAF, JJ., concur.

WENDELL L. GRIFFEN, Judge, concurring. In previous instances involving far less egregious violations of the filing requirements, I have joined decisions to deny motions for rule on the clerk based upon the belief that the requirements are jurisdictional and are uniformly applied to all litigants, except for the special treatment accorded criminal defendants whose constitutional rights to appellate review would be lost if their appeals were dismissed because of mistakes by counsel to meet the filing requirements. I continue to do so in this instance, but not without concerns about the glaring inconsistency between the result reached in this case and that reached by our supreme court last month in an analogous situation that involved an allegedly untimely filing.

On April 9, 1998, the supreme court issued a per curiam opinion that denied a motion to dismiss an appeal in *D.B. Griffin Warehouse, Inc. v. Sanders*, 332 Ark. 510, 965 S.W.2d 784 (1998). The motion to dismiss alleged, and was supported by three affidavits, that the appellant's record was due for filing in the supreme court clerk's office on December 31, 1997; that it was tendered on December 26, 1997, but was not filed due to lack of a circuit

court's certificate, nonpayment of the filing fee, and failure to present the original record; that the defects were not corrected until after the filing deadline, and apparently on January 2, 1998; and that the filing of the record was back-dated to show that it had been filed on December 26, 1997. The supreme court denied the motion to dismiss the appeal upon what the per curiam opinion observed

> has long been the practice of the Supreme Court clerk's office to accept records which are tendered on time and to allow seven days for any errors in form to be corrected. Those errors may include subsequent payment of the filing fee and certification of the record by the circuit clerk. When the defects are corrected, the date of filing is the date the record was tendered — in this case, December 26, 1997.

*D.B. Griffin Warehouse, Inc. v. Sanders*, 332 Ark. at 511, 965 S.W.2d at 785 (1998).

For as long as anyone can recall in Arkansas, the timely filing of a notice of appeal, lodging of the record from the proceeding appealed, and payment of the filing fee before the record is filed have been deemed jurisdictional requirements to perfecting an appeal. *See Novak v. J. B. Hunt Transport*, 48 Ark. App. 165, 892 S.W.2d 526 (1995), (workers' compensation appeal dismissed for claimant's failure to timely file record on appeal within ninety days after filing notice of appeal from the Commission decision where claimant waited to mail check for filing fee until a point in time so late that it was not received by the Commission until the last day on which the record could have been filed with the clerk of the Court of Appeals); *Mangiapane v. State*, 43 Ark. App. 19, 858 S.W.2d 128 (1993), (timely filing of notice of appeal is, and always has been, jurisdictional); *Williams v. Luft Constr. Co.*, 31 Ark. App. 198, 790 S.W.2d 921 (1990), (holding that Court of Appeals did not have jurisdiction over appeal from Workers' Compensation Commission because the Commission did not receive claimant's notice of appeal until after thirty days following the Commission's order); and *Lloyd v. Potlatch Corp.*, 19 Ark. App. 335, 721 S.W.2d 670 (1986), (the timely filing of a notice of appeal in a workers' compensation case is jurisdictional and should be raised by the court even if the parties do not raise it).

I have previously operated under the belief that these requirements were what our case decisions have said them to be, *i.e.*, jurisdictional, meaning that failure to comply with them was not a matter to be excused by the court clerk or the appellate courts as a matter of discretion. In fact, we have consistently denied motions for rule on the clerk brought by workers' compensation and unemployment compensation claimants whose filings were one day beyond the filing deadline, despite valiant efforts and arguments to permit a grace period. Our refusal to adopt a·different position has always been based upon the view that jurisdictional requirements are not waivable by the parties or the court. We have never operated as if there is a seven-day grace period for deficiencies to be cured concerning the timeliness of appeals. Our rules say nothing about such a grace period. I have found no decisions that mention it, notwithstanding that the *D.B. Griffin Warehouse* per curiam states that it has been the "longstanding practice" of the clerk's office. Had we known that the clerk's office had been engaged in that practice it is at least conceivable that some of the motions for rule on the clerk that we have denied might have been granted.

Thus, I am perplexed by the per curiam decision in *D.B. Griffin Warehouse v. Sanders*. Although it cites Arkansas Code Annotated § 21-6-401 (Repl. 1996), acknowledges that the statute "contemplates payment of a filing fee before the record is filed," and adds that "our caselaw makes the payment of the fee a condition of the filing, which is jurisdictional" (citing *In Re Smith*, 183 Ark. 1025, 39 S.W.2d 703 (1931)), the opinion adroitly reports that the fee was paid and the record was marked "filed" as of the date it was tendered despite the fact that the filing fee was not paid and other defects were not corrected until two days past the filing deadline.

I do not understand how the clerk's office may institute a "longstanding practice" that contravenes court decisions holding the timely filing of notices of appeals, payment of filing fees, and lodging of records on appeals to be jurisdictional requirements not subject to waiver by the parties or disregard by the appellate courts. Be that as it may, I am very uncomfortable with a rule that applies to some litigants one way, and to other similarly situated

litigants in an altogether different way. It is even more disquieting to observe that this unevenhanded application of what has been previously deemed a jurisdictional requirement appears to rest within the discretion of employees in the clerk's office, and that one can find no written rule, regulation, judicial opinion (until the *D.B. Griffin Warehouse* per curiam), or other documentation of the factor(s) — one does not know whether there is one factor or several — that will govern when a facially untimely notice of appeal or court record will be deemed jurisdictionally barred or when it will fall within the benevolence of "the longstanding practice of the clerk's office." Regardless of one's position on whether timeliness should or should not be a jurisdictional issue for appeals, fundamental respect for fairness would seem to demand that courts let the public know what the rules are, when they will not be applied, and why they will be applied in different ways to litigants in the same situation.

One wonders how appellants come to learn that the grace period exists. One wonders how *pro se* litigants such as this workers' compensation claimant and the many claimants for unemployment benefits who prosecute their own appeals from adverse decisions by the Board of Review learn about it. One wonders whether the grace period is known throughout the bar, or is only known by favored members of the bar. Who decides, and based on what factors, whether people get their otherwise untimely filings back-dated so that they survive motions to dismiss by opposing parties or *sua sponte* dismissal by the appellate courts? Why is this fair?

In the case at hand, the Workers' Compensation Commission issued a decision on March 13, 1997, and the notice of appeal was not filed until October 2, 1997, well beyond the thirty days prescribed by Arkansas Code Annotated § 11-9-711(b)(1)(A) (Repl. 1996). The appeal record was not tendered to the clerk's office until February 6, 1998, well beyond the ninety-day period prescribed by our court rules and previously held in our decisions to constitute a jurisdictional requirement for lodging the record.

I now understand, thanks to the per curiam in *D.B. Griffin Warehouse v. Sanders*, that the requirements may not always be

jurisdictional, or that if they are jurisdictional they may be waived by the clerk's office according to a "longstanding practice" previously unreported in our decisions and unwritten in the rules that are supposed to apply to all litigants and their attorneys. Given this new reality, and the fact that the notice of appeal and record are so flagrantly late, I join in the decision to deny the motion by this workers' compensation claimant for rule on the clerk, but do so with serious discomfort. For if it is true that what is sauce for the goose is sauce for the gander; if it is true that a miss of an inch is as good as a mile; if the law is supposed to mean the same for each person and all persons so that neither the rich nor beggars are permitted to sleep under bridges; then *pro se* litigants should be entitled to the same opportunity for grace from the clerk's office (and through it, the appellate courts of Arkansas) that the *D.B. Griffin Warehouse* per curiam indicates has been enjoyed by other unnamed parties and their attorneys "in accordance with the longstanding practice of the clerk's office."

Otherwise, the law is not fair. Otherwise, we are violating one of the oldest principles of justice, namely, that no partiality be shown to any person or class of litigants.[1] The fact that we cannot be perfect does not justify being unfair. Public respect for the law and the judicial process can survive ordinary imperfection; it cannot, and will not, and should not tolerate what it perceives to be favoritism, partiality, and discrimination.

ANDREE LAYTON ROAF, Judge, concurring. I would prefer to deny this motion for rule on the clerk without commenting on *D.B. Griffin Warehouse, Inc. v. Sanders*, 332 Ark. 510, 965 S.W.2d 784 (1998). Like the majority, I agree that the existence of a seven-day "grace period" has no relevance to a record tendered thirty-seven days out of time. I also agree that we have no "evidence" before us that this unwritten policy of the supreme court clerk has been unfairly or inconsistently administered. However, I cannot join the majority because I think they have missed the

---

[1] *See* Leviticus 19:15: "You shall do no injustice in judgment; you shall not be partial to the poor nor defer to the great, but you are to judge your neighbor fairly." (New American Standard Version).

point, and so I will add my own two cents worth to this discussion.

Any rule affecting the ability of litigants to exercise their right to appeal should be known to all the world, not just the clerk of the supreme court. Certainly this court should be aware of the rule, for we are frequently called upon to decide motions for rule on the clerk where a record is untimely lodged in workers' compensation cases. Additionally, the Workers' Compensation Commission often files the records of its proceedings on behalf of persons appealing from its decisions, although the responsibility for timely filing the record remains with the appellants. *See Evans v. Northwest Tire Service*, 21 Ark. App. 75, 728 S.W.2d 523 (1987). Surely the Commission should be aware of this rule.

Perhaps if the Commission's office had known of the seven-day grace period in 1995, there would have been a different outcome in *Novak v. J. B. Hunt Transp.*, 48 Ark. App. 165, 892 S.W.2d 526 (1995), in which the Commission delayed tendering a transcript for several days while waiting for the filing fee to be received in the mail, and then tendered the transcript and fee one day late. Perhaps the Commission would have handled the matter differently, but if it had not done so, perhaps four rather than three members of this court could have been persuaded to grant Ms. Novak's motion for rule on the clerk. Unfortunately, there are probably others like Ms. Novak whose names do not appear in the annals of Arkansas jurisprudence.

As for the grace period itself, I'm all in favor of it — for it surely allows a few more of our citizens to preserve their right to appeal. Now that all the world knows about this rule, we may well be able to save even more of them. However, in the present circumstances we cannot grant any relief to Ms. Anderson, and I would also deny her motion.

AREY and NEAL, JJ., join.