George L. SEAY and James Irby Seay, Jr. *v.*
WILDLIFE FARMS, INC.

00-334 29 S.W.3d 711

Supreme Court of Arkansas
Opinion delivered November 2, 2000

*Charles J. Linclon* and *John R. Myers*, for appellants.

*Malcolm R. Smith, P.A.* and *Marian M. McMullan, P.A.*, for appellee.

T OM GLAZE, Justice. The court of appeals certified this case to us based upon the appellee's motion to dismiss appellants' appeal, asserting appellants failed to obtain a proper extension to file their record as provided under Ark. R. App. P.—Civ. 5(b). We accepted jurisdiction because the question presented involves the interpretation of a rule of appellate procedure and an issue of first impression.

The underlying facts leading to this case involve a dispute over the distribution of the assets of a liquidating trust that contained approximately 1,600 acres of land previously held by a closely–held family corporation called Wild Life Farms, Inc. (WLF). WLF was dissolved and the bulk of its assets, along with the 1,600 acres of land were transferred to the trustees, First National Bank in Stuttgart and Helen Quinn, of the liquidating trust. Under the terms of the trust, the trust was to be terminated after three years and the assets would be distributed. After three years expired, the trustees sold 1,440 acres and appellee Wildlife Farms (WF) took title.

Appellants George Seay and James Seay, Jr., subsequently filed suit against the trustees, alleging the Seays were entitled to the trust assets and the trustees had no power to have conveyed the title to the acreage to WF.[1] WF eventually filed a motion for partial summary judgment wherein it asserted that, contrary to the Seays' claim, the trustees had authority to sell the acreage to WF and WF was a bona fide purchaser without any notice of a trust provision which prohibited the sale of the land outside the three–year life of

---

[1] The Seays alleged many counts setting out their claims for damages and relief, but it is unnecessary for purposes of this opinion to discuss those claims here.

the trust. On September 28, 1998, the chancellor granted WF's partial summary judgment. A trial was then held in the matter from October 5, 1998, to October 12, 1998, and on December 18, 1998, the chancellor entered an "interim decree" dismissing the Seays' complaint "*except* as to matters and things hereby reserved as set out in the court's findings of fact and conclusions of law." The Seays appealed the chancellor's earlier September 28 order granting WF partial summary judgment, but their appeal was later dismissed by the court of appeals on October 27, 1999, because the chancellor's order was not final. *See Seay v. Wildlife Farms, Inc.*, CA-99-122, slip op. at 4 (Ark. App. October 27, 1999). The court of appeals further held that the Seays failed to comply with Ark. R. Civ. P. 54(b) under which they may have acquired an express determination that they could appeal the non-final order because there was no reason to delay an appeal. *Id.*

After the Seays' appeal was dismissed, the parties returned to the chancellor, and he entered a final order on November 29, 1999, resolving the issues against the Seays that had been previously reserved in the chancellor's "interim decree" dated December 18, 1998. On December 13, 1999, the Seays filed their notice of appeal from the November 29 final order,[2] and they designated the entire record and transcript, stating they had made arrangements for the payment of the transcript. While the record is unclear why, the Seays then, on December 28, 1999, filed a second notice of appeal from "the trial court's granting of a partial summary judgment in favor of Wildlife Farms, the final order entered on November 29, 1999." They further designated "all portions of records relating to the granting of the summary judgment in favor of Wildlife Farms." The Seays further stated that they had ordered the transcript and had made arrangements to pay the court reporter and court clerks.

On January 19, 2000, thirty-seven days after their first notice of appeal, the Seays moved to extend the time to lodge their transcript, stating that, because of the voluminous record, the court reporter would be unable to finish the transcript in the time allowed. Without a hearing, the chancellor granted the Seays' motion and directed the record to be filed by June 29, 2000. The

---

[2] The November 29, 1999, order reflects the chancellor held a hearing on July 21 and 22, 1999, while the Seays' appeal was pending, but no order was entered until after the court of appeals's dismissal of the Seays' appeal.

order made no mention that a transcript had been requested. On March 17, 2000, the Seays filed a partial record relevant only to the lower court's order granting WF's partial summary judgment; no trial testimony was included. On May 2, 2000, the Seays filed their abstract and brief relating only to the summary judgment issue. When WF went to the supreme court clerk's office to check out the record so it could prepare its responsive brief, WF learned that the Seays had filed an abbreviated record rather than the entire record, which had been previously designated by the Seays in both their first notice of appeal and their motion to extend time to lodge their transcript. Upon learning the Seays had lodged only an abbreviated record, WF moved to dismiss the Seays' appeal, asserting they failed to obtain a timely extension under the dictates of Ark. R. App.—Civ. 5(b). As a consequence, WF contends the Seays' appeal was untimely and should be dismissed. We agree.

■ Rule 5(a) provides that the record on appeal shall be filed with the clerk of the supreme court and docketed therein within ninety days from the filing of the first notice of appeal. If a party fails to file the record within the ninety-day period provided under Rule 5(a), the party's appeal is dismissed. *See Jordan v. White River Medical Center*, 301 Ark. 292, 783 S.W.2d 836 (1990). The court has stated on many occasions that it expects compliance with its rules so that unnecessary delays will be eliminated. *See Alexander v. Beaumont*, 275 Ark. 357, 629 S.W.2d 300 (1982); *Jacobs v. State*, 321 Ark. 561, 906 S.W.2d 670 (1995).

■ Under Rule 5(b), a party may obtain an extension of time to file a record, but this court has held that it does not view granting such extensions as a mere formality. *Harper v. Henson*, 262 Ark. 294, 556 S.W.2d 142 (1977). That provision provides as follows:

> (b) *Extension of time.* In cases where there has been *designated for inclusion any evidence or proceeding at the trial or hearing which was stenographically reported*, the trial court, upon finding that a reporter's transcript of such evidence or proceeding has been ordered by appellant, and *upon a further finding that an extension is necessary for the inclusion in the record of evidence or proceedings stenographically reported*, may extend the time for filing the record on appeal, but the order of extension must be entered before the expiration of the period for filing as originally prescribed or extended by a previous order. In no event shall the time be

extended more than seven (7) months from the date of the entry of the judgment, decree or order . . . . Counsel seeking an extension shall give to opposing counsel notice of the application for an extension of time. (Emphasis added.)

The ninety days contemplated by Rule 5 begins to run from the filing of the first notice of appeal. *Street v. Kurzinski,* 290 Ark. 155, 717 S.W.2d 798 (1986). In this case, that first notice was filed on December 13, 1999, which would have made the record due in the clerk's office on March 13, 2000.[3] However, the record was not filed until March 17, 2000 — ninety-five days after the filing of their first notice of appeal. As noted above, the record that was filed contained only those portions of the transcript that related to the partial-summary-judgment order. The Seays apparently knew at the time they filed their first notice of appeal that the only issue they would raise would be the order granting partial summary judgment, as they state in their brief to this court that the second notice of appeal was meant to "clarify" that they "were in fact appealing the partial summary judgment order." In addition, they knew that the record dealing with the partial summary judgment contained nothing that had been stenographically reported.[4] Nevertheless, they sought an extension from the trial judge based on an assertion that the court reporter could not transcribe the entire record in the ninety days allotted.

 Rule 5(b) specifically contemplates a situation in which the court reporter needs extra time to complete the record because there were proceedings or evidence at the trial that have to be transcribed. In *Jordan, supra,* this court noted that "[when it was] conceded this record contained no stenographically reported portions[,] [t]he trial court was without authority to extend the time to file the record[.]" *Jordan,* 301 Ark. at 293, 783 S.W.2d at 837. The *Jordan* holding is controlling here. Because there was nothing stenographically reported that was to be included in the record filed with our clerk's office, the trial court should not have granted the

---

[3] The ninetieth day would actually have been March 12, but since that was a Sunday, the period ran to the end of the next day. Ark. R. Civ. P. 6(a) (2000).

[4] In their response to WF's motion to dismiss the appeal from the trial court's September 28, 1998, order, the Seays specifically stated that "there is no transcript required for this appeal because no testimony was taken in this case and no hearing was held by the trial court on the appellee's motion for partial summary judgment, and no transcript exists in this case nor is one required in the pursuance of this matter. . . . Nothing in the entire record of this appeal required the services of a court reporter."

Seays an extension. Furthermore, because the extension was improper, the record was lodged outside the ninety days allowed by Rule 5. It is an appellant's burden to comply with all steps in a proceeding that might redound to his benefit, *Canal Ins. Co. v. Arney*, 258 Ark. 893, 530 S.W.2d 178 (1975), and it is thus the responsibility of the appellant to see that the record is filed in time. *Davis v. C & M Tractor Co.*, 2 Ark. App. 150, 617 S.W.2d 382 (1981). The timely lodging of the record from the proceeding appealed has been deemed a jurisdictional requirement to perfecting an appeal. *Anderson v. Seward Luggage Co.*, 62 Ark. App. 186, 969 S.W.2d 683 (1998). Because the Seays failed to timely lodge the record, their appeal must be dismissed.

We note at this point that the Seays contend we should find that WF's motion to dismiss this appeal is untimely. Citing *Dugal Logging, Inc. v. Arkansas Pulpwood Co.*, 336 Ark. 55, 984 S.W.2d 410 (1999), they assert that WF should have raised the issue of the timeliness of the lodging of the record before the record was filed. WF responds that, because the Seays filed a notice of appeal designating the entire record, it had no reason to believe that the entire record would not be lodged. WF states that, because of the Seays' misrepresentation as to the necessity for extra time, their motion to dismiss is timely. As just noted, the timely lodging of a record on appeal is jurisdictional, and it was the Seays' burden to see that their notice of appeal and record on appeal were timely filed.

As a final matter, the Seays also ask this court to consolidate the records in this case, 00-334, and CA-00-780.[5] The record lodged in CA-00-780 is the "entire record," as opposed to the "partial summary judgment record" lodged in this case. However, the rules provide for only one record.[6] There is nothing that permits an appellant to file different records for different issues on appeal from the same case, and indeed, our case law has been consistent in refusing to permit piecemeal appeals. *See Warren v. Kelso*, 339 Ark. 70, 3 S.W.3d 302 (1999); *Hambay v. Williams*, 335 Ark. 352, 980 S.W.2d 263 (1998). If the Seays had wanted to

---

[5] Before we accepted certification of this case, the court of appeals' docket number was CA-00-334. On September 7, 2000, we also accepted certification of motions to dismiss and to consolidate in CA-00-780. No briefs have been filed in CA-00-780.

[6] *See, e.g.*, Ark. R. App. P. Civ. 6, providing that "[t]he record" (not "all records") shall be compiled in accordance with this court's rules.

appeal all of the orders entered by the trial court, they should have waited to make their arguments on the partial summary judgment issue when they filed a brief dealing with any other issues in CA-00-780. However, they chose only to brief the partial-summary-judgment issues; their failure to make any other arguments on appeal constitutes waiver of those issues. *See Burks Motors v. Int. Harvester Co.*, 250 Ark. 641, 466 S.W.2d 945 (1971) (limitation of attack on appeal to one ground constituted an abandonment of all others; failure of appellant to argue any other point asserted by it in the only brief filed by it constituted a waiver or abandonment of such other points).

By filing a brief dealing only with the summary-judgment issue, the Seays have waived or abandoned any other issues they could have raised. For that reason, there are no other matters that could be consolidated with the instant case, and this request will be denied.

WF's motion to dismiss appeal is granted.