Robert Lee MITCHEM *v.* STATE of Arkansas

CR 05-735                                214 S.W.3d 855

Supreme Court of Arkansas
Opinion delivered October 6, 2005

*Miller Law Firm,* by: *Randall Miller,* for petitioner.

No response.

PER CURIAM. Robert Lee Mitchem, by and through his attorney, has filed a petition for a writ of *certiorari* to complete the record pursuant to Rule 3-5 of the Rules of the Supreme Court. Petitioner filed a certified partial record on July 1, 2005, and this petition on July 6, 2005. We grant the petition.

A judgment and commitment order was filed on December 3, 2004, convicting Petitioner of kidnapping and attempted rape. Petitioner filed a timely notice of appeal. However, when Peti-

tioner's attorney called the court reporter several months later to check on the transcript, he learned that the court reporter had not yet begun to work on it. In a letter dated February 16, 2005, responding to the attorney's phone call, the court reporter stated that, until the attorney's phone call, he had been unaware of Petitioner's appeal, had not received a notice of appeal, had received no request for a transcript, and had not been contacted by Petitioner's attorney or anyone else regarding financial arrangements for the transcript.

Therefore, prior to the ninety-day deadline for tendering the record, Petitioner filed a motion for an extension of time for filing the record, which was granted. The order granting the motion extended the deadline for an additional ninety days from March 6, 2005. See Ark. R. App. P.–Crim. 4; Ark. R. App. P.–Civ. 5(b). Ninety days from March 6, 2005, was June 4, 2005. On June 1, 2005, Petitioner filed a second motion for extending the time to file the record. The court granted the motion, extending the time to file the record for an additional thirty days from June 3, 2005. Therefore, the record was due July 3, 2005, seven months from entry of the judgment and commitment order.[1] Consequently, Petitioner was unable to obtain an additional extension of time. Rule 5(b)(3) of the Arkansas Rules of Appellate Procedure – Civil states that,

> If the appellant is unable to obtain entry of an order of extension before expiration of the period prescribed by subdivision (a) of this rule or a prior extension order, the appellant may file with the clerk of the Supreme Court a petition for writ of certiorari pursuant to Rule 3-5 of the Rules of the Supreme Court and Court of Appeals.

Ark. R. App. P.–Civ. 5(b)(3). Petitioner filed a partial record on July 1, 2005, the last day of his extended period.[2]

Petitioner is requesting an additional sixty days to complete the record. Rule 3-5 authorizes an additional thirty days to complete the record, and Petitioner has offered no compelling reasons to justify granting additional time. Therefore, we grant the

---

[1] We note that the trial court has authority to grant additional extensions of time in certain situations pursuant to Rule 5(b) of the Arkansas Rules of Appellate Procedure – Civil. Rule 5(b) provides, however, that in no event shall the time be extended more than seven months from the date of entry of the judgment. Ark. R. App. P.—Civ. 5(b)

[2] July 3, 2005, was a Sunday.

petition and direct that a writ of *certiorari* be issued to the clerk of the Circuit Court of Craighead County to complete and file a certified supplemental record with our clerk within thirty days from the date of this per curiam. At that time, a briefing schedule will be set.

Petition granted.

GLAZE, J., dissenting in part.

TOM GLAZE, Justice, dissenting. Like all appeals where an attorney has neglected to comply with the required appellate rules, the court's per curiam should be sent to the Professional Conduct Committee. Here, the appellant's counsel failed to keep up with this case on appeal, and while the appellant is entitled to his appeal, his attorney must "fall on the sword" by admitting his error. Counsel simply failed to comply with Arkansas Rules of Appellate Procedure – Civil Rule 5 and its mandatory requirements set out in Rule 5(a) and (b). This court has held it will strictly enforce these requirements because this court does not view the granting of extensions as mere formality. See *Coggins v. Coggins*, 353 Ark 431, 108 S.W. 3d 588 (2003); see also Seay v. Wildlife Farms, Inc., 342 Ark 503, 295 S.W. 3d 711 (2000) (Citing *Harper v. Henson*, 262 Ark 294, 556 S.W. 2d 142 (1977).

For the reasons above I dissent in part.