William P. DALTON, Louis Kovanda, and Eugene Moats *v.*
FIRST STATE BANK of WARREN

08-822, 08-899                                   288 S.W.3d 589

Supreme Court of Arkansas
Substituted opinion on denial of rehearing
October 9, 2008

*Ray Baxter, P.A.*, by: *Ray Baxter*, for appellant William P. Dalton.

*The Hashem Law Firm, PLC*, by: *Hani Wail Hashem* and *Linda Dykes Lamb*, for appellee.

PER CURIAM. Appellee First State Bank of Warren requests that the Court dismiss this appeal because the record was not lodged in a timely fashion.

In Appellee's suit to enforce a guarantee of a loan by Appellant, the circuit court granted summary judgment on January 17, 2008, reserving its decision on attorney fees until a separate judgment regarding the issue could be determined on April 23, 2008. Appellant filed its first notice of appeal on February 13, 2008, and a second notice of appeal on April 28, 2008. The record was tendered on June 11, 2008.

Appellee argues that failure to file the record within ninety days of the filing of the first appeal requires dismissal, citing *Mitchell v. City of Mountain View*, 304 Ark. 585, 803 S.W.2d 556 (1991), and Arkansas Rule of Appellate Procedure–Civil 5(a) and (c).

Appellant, in its answer to motion to dismiss, argues that our court wants one appeal per case, not piecemeal appeals. Appellant further argues in its supporting brief that the first notice of appeal was premature because the trial court had not entered a final judgment on all issues, including that of attorney fees, and that the record was, indeed, timely lodged within ninety days of Appellant's second notice of appeal.

Appellee points to *Stacks v. Marks*, 354 Ark. 594, 127 S.W.3d 483 (2003), for the proposition that a summary judgment is a final, appealable order. Appellee also argues that the second judgment for attorney fees and the second notice of appeal are both collateral to the judgment order.

The *Stacks* case was before this court on motion to dismiss an appeal of entry of summary judgment. In *Stacks*, a motion for attorney fees was filed after the trial court entered summary judgment. The first notice of appeal was not filed in a timely manner after the entry of summary judgment, but was timely filed after the postjudgment award of fees, costs, and interest. However, the postjudgment award made no mention of the summary judgment. Therefore, we granted the motion to dismiss due to the lack of a timely notice of appeal after the summary judgment.

Here, the summary judgment was entered, and the first notice of appeal followed in a timely fashion. No argument is made that an extension of time was requested. However, summary

judgment is not an intermediate order under Rule 2(b), but rather a final, appealable order that may bring up for review any intermediate order involving the merits and necessarily affecting the judgment. *Stacks, supra* (citing Rule 2(b) (2003)). Here, the trial court noted in the summary judgment order that attorney fees were to be determined at a later date. In *Stacks*, the court established that motions for and orders granting attorney fees are collateral to the court's judgment on the merits and will not bring up an earlier granted summary judgment for review.

We therefore hold pursuant to Rule 5(a) that failure to lodge the record within ninety days from the first notice of appeal is fatal when no extension of time has been requested and granted.

Motion to dismiss granted.