SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-14-852

|  |  |
|---|---|
|  | **Opinion Delivered** May 20, 2015 |
| FIRE SYSTEMS TECHNOLOGY, INC. <br> APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CV-12-60] |
| V. |  |
| FIRST COMMUNITY BANK OF CRAWFORD COUNTY <br> APPELLEE | HONORABLE MICHAEL MEDLOCK, JUDGE |
|  | APPEAL DISMISSED |

## LARRY D. VAUGHT, Judge

Appellant Fire Systems Technology, Inc. (FST), appeals from the Crawford County Circuit Court's order granting partial summary judgment foreclosing on construction loans made by appellee First Community Bank of Crawford County. The bank has raised the issue of whether FST timely filed the record on appeal, a jurisdictional requirement. We conclude that we lack jurisdiction to decide this appeal; therefore, we dismiss it.

The events leading up to this appeal began in 2009 when Armstrong Remodeling and Construction, LLC; Armstrong Remodeling, LLC; James Eric Armstrong; Gary Armstrong; and Harvester's Fellowship Church (collectively, Armstrong) contracted with FST to act as a subcontractor for two construction projects located at an adjacent apartment complex and church. The bank financed the projects with a series of construction loans and took mortgages to secure the debts.

Contending that it had completed its work without receiving payment, FST filed a materialmen's lien against the property in July 2010. It later filed suit in August 2011 to foreclose its lien, but did not name the bank as a party. In July 2012, FST obtained a foreclosure judgment against Armstrong, containing a declaration that its lien held first priority. The property was ordered to be sold if the judgment was not paid. Two separate sales were held, one for each property, with FST the successful bidder in both instances for the amount of its judgment.

In the meantime, on January 25, 2012, the bank filed a separate case seeking to foreclose on three construction notes and mortgages it received from Armstrong for the apartment complex. The bank was also seeking to enforce personal guaranties. In an amended complaint, the bank added FST and another judgment creditor of Armstrong as defendants. The bank amended its complaint a second time, to seek foreclosure on two more notes and mortgages on the church property.

FST answered, denying the material allegations and asserting that it held a first-priority judgment lien against the property, based on the judgment it had previously received in the lien-foreclosure case. Later, FST filed a counterclaim to the bank's foreclosure action seeking to quiet title to the property it received through the two commissioner's deeds. FST also claimed that any lien the bank may have was junior to its lien because the bank did not record its mortgages until after construction had begun. The bank answered the amended counterclaim and filed a motion to dismiss or, in the alternative, for summary judgment.

On February 14, 2013, the bank filed a motion for partial summary judgment to declare its mortgage superior to all other liens. The bank asserted that, even if FST's lien was valid, the underlying debt was merged into and extinguished by FST's judgment in the lien-foreclosure case.

FST filed a summary-judgment motion on its amended petition to quiet title. In its motion, FST contended that there was no dispute that the foreclosure of its materialman's lien was proper and that it was entitled to priority over the bank's mortgage lien.

Following a hearing, the circuit court granted the bank's summary-judgment motion to dismiss FST's counterclaim for quiet title and denied FST's countermotion for summary judgment. The court found that the bank's mortgage was superior to FST's lien. The court also found that FST's failure to include the bank as a party in its foreclosure action meant that it could not foreclose on the bank's lien and that FST stood in Armstrong's shoes, meaning it took the property subject to the bank's mortgage lien. A "Partial Judgment and Decree of Foreclosure" memorializing the court's ruling was entered on July 15, 2013. The order contained a Rule 54(b) certificate. The order also specifically reserved issues between the bank and two guarantors.

FST filed a notice of appeal from the order granting partial summary judgment to the bank on August 7, 2013. It filed an amended notice of appeal on August 15, 2013. However, FST did not lodge the record or otherwise pursue its appeal at that time.

After FST had filed its notices of appeal, the commissioner's sale of the property took place on August 28, 2013. The bank was the successful purchaser, bidding $750,000 for the

SLIP OPINION

apartment property and $300,000 for the church property. The confirmation of the reports of sale and approval of the commissioner's deeds was made by orders entered on September 3, 2012.

Orders dismissing the bank's remaining claims against the two guarantors were entered on June 26, 2014, and July 10, 2014. FST filed a notice of appeal on August 8, 2014, designating only the July 2013 orders on partial summary judgment as the orders from which it appealed.

The jurisdictional issue raised by the bank is that FST's appeal of the July 2013 orders is not timely because it failed to lodge the record within ninety days from its first notice of appeal, which was filed August 7, 2013. The orders from which FST appeal (the July 2013 orders) contained Rule 54(b) certificates. Rule 2 of the Arkansas Rules of Appellate Procedure–Civil, which governs what orders are appealable, provides that an appeal may be taken from an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties if the circuit court has directed entry of a final judgment as to one or more but fewer than all the claims or parties and has made an express determination that there is no just reason for delay and has executed the certificate required by Rule 54(b) of the Arkansas Rules of Civil Procedure. Ark. R. App. P.–Civ. 2(a)(11) (2015). In other words, an order containing a Rule 54(b) certificate is immediately appealable. *Id*. Although Rule 2(a) uses the term "may," the supreme court has held that orders that may be appealed under this

rule *must* be appealed within thirty days after they are entered as required by Rule 4(a),[1] or the right to appeal that order is lost. *In re Estate of Stinnett*, 2011 Ark. 278, at 7, 383 S.W.3d 357, 361. Thus, because of the inclusion of the Rule 54(b) certificates, FST was required to pursue its appeal of the July 2013 orders at that time. It could not wait until the conclusion of the case before appealing from the orders granting partial summary judgment to the bank. Although FST did file timely notices of appeal from the July 2013 orders, it inexplicably failed to file the record.[2] The timely lodging of the record has been deemed a jurisdictional requirement to perfect an appeal. *Seay v. Wildlife Farms, Inc.*, 342 Ark. 503, 29 S.W.3d 711 (2000). Accordingly, we do not have jurisdiction of any portion of this appeal that challenges the July 2013 orders.

FST argues that the Rule 54(b) certificate is invalid and, therefore, it was not required to perfect the appeal in 2013. We disagree. Whether an order has properly been appealed pursuant to Rule 54(b) is indeed a jurisdictional question. *See, e.g.*, *Jones v. Huckabee*, 363 Ark. 239, 213 S.W.3d 11 (2005). However, it is for the appellate court—not FST as the appellant—to determine whether the order properly fits within one of the subsections of Rule

---

[1]Rule 4(a) of the Arkansas Rules of Appellate Procedure–Civil provides that "a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, decree, or order appealed from." Ark. R. App. P.–Civ. 4(a) (2015).

[2]The record on appeal "shall be filed with the clerk of the Arkansas Supreme Court and docketed therein within 90 days from the filing of the first notice of appeal." Ark. R. App. P.–Civ. 5(a) (2015). If a party fails to file the record within the ninety-day period provided under Rule 5(a), the party's appeal is dismissed. *Dalton v. First State Bank*, 374 Ark. 142, 288 S.W.3d 589 (2008); *Farris v. Merrill Lynch Bank & Trust Co.*, 372 Ark. 373, 276 S.W.3d 257 (2008). FST filed its first notice of appeal on August 7, 2013, making the record due no later than November 5, 2013. The record was filed almost eleven months later on October 3, 2014.

2 once an appeal is lodged. *Sloan v. Ark. Rural Med. Practice Loan & Scholarship Bd.*, 369 Ark. 442, 255 S.W.3d 834 (2007). Such a determination for Rule 2 purposes is *always* secondary to whether a timely notice of appeal and record have been filed. *Stinnett*, *supra*; *Sloan*, *supra*.

In closing, we note that FST timely filed the record from its notice of appeal from the June 26 and July 10, 2014 orders dismissing the bank's claims against the guarantors and argues one point relating to the confirmation of the foreclosure sale to the bank. However, we cannot properly consider that point because FST failed to designate these orders in its notice of appeal. Orders not mentioned in a notice of appeal are not properly before the appellate court. *Lindsey v. Green*, 2010 Ark. 118, 369 S.W.3d 1.

Appeal dismissed.

HARRISON and GRUBER, JJ., agree.

*The Overton Law Firm, LLC*, by: *J. Don Overton; and*
*The Corbitt Law Firm, LLC*, by: *Chris P. Corbitt*, for appellant.

*Hardin, Jesson & Terry, PLC*, by: *Rex M. Terry*, for appellee.