Cite as 2020 Ark. App. 364

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CV-18-959

| | |
|---|---|
| SIMON POCKRUS<br><br>APPELLANT<br><br>V.<br><br>VICTORIA MORRIS<br>APPELLEE | **Opinion Delivered** September 2, 2020<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-14-741]<br><br>HONORABLE BRAD KARREN, JUDGE<br><br>APPEAL DISMISSED WITH PREJUDICE |

## BRANDON J. HARRISON, Judge

This case, which has a tortuous procedural history, provides an important jurisdictional reminder. The reminder is that a party must timely file a notice of appeal from a final, appealable order that is procured using the process set forth in Rule 54(b) and the related caselaw. Ark. R. Civ. P. 54 (2019). Because that was not done here, we must dismiss the appeal. And the dismissal must be with prejudice because a timely notice of appeal can never be filed in the future given the circumstances. *See Brinkley Sch. Dist. v. Terminex Int'l Co.*, 2019 Ark. App. 445, 586 S.W.3d 694 (per curiam) (collecting cases); Ark. R. App. P.–Civ. 4(a), (d) (2019).

Here is more of the story. Victoria is an attorney and represented Simon in his divorce from Kristy Pockrus. After that proceeding ended, Victoria sued Simon for his unpaid legal bill, and Simon filed a counterclaim against her for legal malpractice. Just before

trial, Victoria dismissed her complaint for unpaid legal fees without prejudice pursuant to Arkansas Rule of Civil Procedure 41(a). A jury trial was held on Simon's legal-malpractice claim against Victoria, among other claims, and the jury returned a verdict in her favor. The circuit court later awarded Victoria $5,000 in attorney's fees.

Simon appealed both the judgment on the jury's verdict and the order granting Victoria's request for attorney's fees and costs. When the appeal was first submitted, we ordered a supplemental addendum because Simon failed to include copies of the jury-verdict forms in his addendum. *See Pockrus v. Morris*, 2017 Ark. App. 88 (*Pockrus I*). When the appeal returned, we dismissed the appeal for lack of finality. *Pockrus v. Morris*, 2017 Ark. App. 293 (*Pockrus II*). The finality issue arose because Victoria had nonsuited her complaint on the eve of trial. Our mandate issued on 31 May 2017.

In June 2017, Simon moved the circuit court to enter a Rule 54(b) certificate. *See* Ark. R. Civ. P. 54. The motion asserted that a Rule 54(b) certificate was necessary so Simon could appeal then, rather than having to wait until the statute of limitations on Victoria's breach-of-contract claim for unpaid legal services to expire in July 2018. On 6 July 2017, the circuit court denied Simon's motion for a Rule 54(b) certificate; the court reasoned that it lacked personal and subject-matter jurisdiction to act.

On 14 July 2017, Simon moved to reopen the case and set the July 6 order aside so the judgment could be appealed whenever Victoria's nonsuited contract claim was finally terminated as a matter of law. Simon argued to the circuit court that after this court dismissed the appeal in *Pockrus II*, the circuit court acquired jurisdiction to enter a Rule 54(b) certificate.

On 1 August 2017, the circuit court denied Simon's motion. While acknowledging that Victoria had until July 2018 to file a new lawsuit against Simon, the court concluded that it lacked jurisdiction after Simon filed his appeal because we did not remand the case or direct the circuit court to take any specific action. (The court's decision on this point was mistaken, but there is no need to go there today.)

On 11 August 2017, Simon filed a motion seeking a writ of certiorari with our supreme court. He argued that the circuit court's two orders refusing his requests for a Rule 54(b) certificate prevented him from ever appealing because those orders did not terminate all the claims between Victoria and Simon.

Seven days later, on 18 August 2017, while Simon's motion for an extraordinary writ was pending before the supreme court, the circuit court entered what it styled as a "Final Order and Judgment." In that order, the court recites the chronology of the postappeal motions. The court also found that Simon's having to wait until Victoria's nonsuited claim expired on limitations grounds caused a hardship. The court then ordered the case closed as to Simon—but not as to Victoria—until the statute of limitations could run on her nonsuited contract claim. The circuit court's order also contained a Rule 54(b) certificate, which designated the order as a final judgment as to Simon's claims but not as to Victoria's nonsuited contract claim.

Simon did not file a notice of appeal from the Final Order and Judgment, which included a Rule 54(b) certificate that was entered in August 2017.

The supreme court denied as moot Simon's motion for a writ of certiorari on 14 September 2017.

3

Four days later, Simon moved the circuit court under Arkansas Rule of Civil Procedure 60. He asked the court to modify the August 2017 Final Order and Judgment. According to Simon, the order was not final because it did not resolve all the claims between the parties, and the Rule 54(b) certificate attached to the August 2017 Final Order and Judgement was invalid. The circuit court did not act on that motion.

Nothing important seems to have happened in the case until almost one year later, on 1 August 2018. By that time, the statute of limitations on Victoria's contract counterclaim had expired, and Simon moved the circuit court for a second Rule 54(b) certificate. He argued that he needed the second one because Victoria had not refiled her contract claim against him, and the August 2017 Final Order and Judgment was not a final order. The circuit court denied Simon's motion on 6 August 2018, finding that it was without jurisdiction because Simon did not file a notice of appeal within thirty days of the 18 August 2017 Final Order and Judgment. On 5 September 2018, Simon filed his only notice of appeal.

Rightly sensing that a jurisdictional problem was afoot, Simon argues as one of his points on appeal that he timely filed his notice of appeal from the circuit court's August 2018 denial of his motion for a Rule 54(b) certificate. Simon says that he was not required to file a notice of appeal from the August 2017 order because it did not actually determine any issue between the parties, and the certificate was not compliant with Rule 54(b)'s requirements.

We disagree that a timely notice of appeal was not required as to the August 2017 Rule 54(b) order. There are two main reasons for this.

4

First, the August 2017 Final Order and Judgment had a Rule 54(b) certificate attached to it. We have, for years, intimated that the inclusion of a Rule 54(b) certificate renders the included claims final and appealable, in which turn means that an appellant must timely appeal the order once it is entered or risk forfeiting the right to appeal what the order decided. This rule makes sense in general, and it accords with the rules of appellate procedure. *See Fire Sys. Tech., Inc. v. First Cmty. Bank*, 2015 Ark. App. 334, 464 S.W.3d 125; *see also Mitchell v. Mitchell*, 98 Ark. App. 47, 47, 249 S.W.3d 847, 848 (2007) ("Because the order did not resolve all the disputed issues, and the circuit court did not certify it pursuant to Arkansas Rule of Civil Procedure 54(b), the order is not final and we lack jurisdiction to review it."). The rule makes sense because the purpose of a party seeking a Rule 54(b) certificate in the first place is to turn what are otherwise unappealable interlocutory rulings into final, appealable ones. Simply put: Rule 54(b) is "designed to mark the point at which such a disposition becomes final, so that 'a party will always know whether a judgment in a [case with multiple claims or parties] is ripe for appeal.'" David Newbern, John J. Watkins & D.P. Marshall Jr., 2 *Arkansas Civil Practice & Procedure* § 40:3 (5th ed.) (footnote omitted), *available at* Westlaw ARCPP.

Simon has, in fact, shown that he knows this principle. He was obviously wanting to appeal sooner than he otherwise would have been permitted to do; that is why he told the circuit court that he wanted a Rule 54(b) order in the first place. For whatever reason, Simon did not fully appreciate the significance of receiving the Rule 54(b) certificate and order from the circuit court in August 2017. But the fact remains that Simon did not file a notice of appeal within thirty days of the date that the August 2017 order was entered. Ark.

5

R. App. P.–Civ. 4(a), (d); Newbern et al., *supra*, at § 40:3 ("The time for filing a notice of appeal begins to run upon entry of a judgment that includes a proper Rule 54(b) certificate.") (footnotes omitted).

The second reason why a notice of appeal was required within thirty days from the court's entry of the August 2017 order is because, according to supreme court precedent, Arkansas appellate courts must first determine if a proper and timely notice of appeal was filed. In other words, whether a notice of appeal designates a final or nonfinal order is of secondary importance to the notice of appeal's timing. *Sloan v. Ark. Rural Med. Practice Loan & Scholarship Bd.*, 369 Ark. 442, 445, 255 S.W.3d 834, 837 (2007) ("The timely filing of the notice of appeal and record is a threshold jurisdictional prerequisite for this court."); *see also Massanelli v. Massanelli*, 2016 Ark. App. 90, at 5 (Harrison, J., concurring) (discussing *Sloan* and its implications). In a similar vein, and contrary to Simon's position, we cannot first judge whether the August 2017 order was a deficient or ineffective Rule 54(b) attempt for this reason or that. We therefore express no opinion on the validity of the Rule 54(b) order itself. Precedent instead directs that we first decide whether the notice of appeal designating the order that decided the issues on appeal was timely entered under the rules of appellate procedure. Simon's challenge to the Rule 54(b) order, which he himself sought, plays second fiddle to whether he timely filed a notice of appeal from the final order that decided the issues he now wants this court to review. Unfortunately, he did not timely appeal the order that would have preserved for review the points that he now asks this court to decide.

★ ★ ★

Simon's appeal is dismissed with prejudice because his notice of appeal was not timely filed within thirty days of the 18 August 2017 order that he procured from the circuit court using the Rule 54(b) process.

Appeal dismissed with prejudice.

VIRDEN and BROWN, JJ., agree.

*Harry McDermott*, for appellant.

*Victoria K. Morris*, for appellee.