EWELL THOMAS, D/B/A THOMAS TERMITE
CONTROL *v.* COMMITTEE "A" ARKANSAS
STATE PLANT BOARD

73-145                                    497 S.W. 2d 9

Opinion delivered July 16, 1973

*Warren E. Dupwe,* for appellant.

*Jim Guy Tucker,* Atty. Gen., for appellee.

PER CURIAM. Ordinarily, motions for a rule requiring the clerk to accept a transcript on appeal are passed upon without any opinion. Since it seems obvious that misconceptions exist as to the circumstances under which these motions will be granted, we deem it appropriate to render an opinion in this case.

Appellant tendered the record to the clerk for filing on June 7, 1973, two days after the expiration of the 90-day period allowed by statute for filing of the record and docketing the appeal. He has filed a motion for a rule on the clerk to require the filing of the transcript. His attorney filed an affidavit in support of the motion stating the failure of appellant to meet the "suspense date" was attributable to the aftermath of several tornadoes which struck the City of Jonesboro on May 27, 1973, damaging both the attorney's home and law office, totally destroying his sister's home and substantially increasing his duties and responsibilities as City Attorney of Jonesboro. Specific enumeration of the intensity of these duties mentioned required attendance at an emergency council meeting and intensive cooperation with the United States Corps of Engineers.

In our previous orders and actions we have restricted the granting of such motions to situations involving un-

avoidable casualty in both civil and criminal cases. We can readily classify the devastating Jonesboro tornado or tornadoes as falling within the category of the forces of nature or Act of God characterizing an unavoidable casualty productive of the "most extraordinary circumstances" which justify out permitting the tardy lodging of an appeal. See *West* v. *Smith,* 224 Ark. 651, 278 S.W. 2d 126; *Bernard* v. *Howell,* 254 Ark. 828, 496 S.W. 2d 362.

The situation here bears some resemblance to another instance in which we found that a late filing was pardonable because of unavoidable casualty and reversed a chancery court's action failing to grant relief on that account from the confirmation of a foreclosure sale. The sale had been held on July 3, 1930, and the decree of confirmation was entered on August 5, 1930. The mortgage debtor had employed an attorney to prepare exceptions to the sale, but did not receive them until 10:30 a.m. on August 5, when he called the clerk of the chancery court and found that the sale had been confirmed, court adjourned and the judge out of the city. He did not file the exceptions until August 13. The appellant there showed that his failure to receive the exceptions in time to file them before confirmation was attributable to his having been involved in an automobile wreck on the night of August 4. We found that timely filing was prevented by unavoidable casualty and set aside the chancery court's order of confirmation. *Vaughn* v. *Screeton,* 183 Ark. 816, 39 S.W. 2d 299. We think that the circumstances here and those in *Vaughn* are the type of unavoidable casualty which courts should recognize.

We note that, in this case, unlike others where we have denied such motions, the Attorney General, appellee's attorney, has no objection to the granting of this motion, under these circumstances.