Arlie EVANS *v.* NORTHWEST TIRE SERVICE and
TRI-STATE INS. CO.

728 S.W.2d 523
Court of Appeals of Arkansas
Opinion delivered May 6, 1987

*Jay N. Talley*, for appellant.

*Michael H. Mashburn*, for appellees.

PER CURIAM. Arlie Evans has filed a motion for a rule on the clerk, apparently pursuant to Rule 5 of the Rules of the Supreme Court and Court of Appeals, asking that the clerk be required to file a transcript from the Arkansas Workers' Compensation Commission as the record on appeal to this court. Attached to the

motion is a letter to appellant's attorney from the deputy executive director of the Commission stating "that the record has been prepared" but that "our office failed to prepare the record within the statutory 90-day time frame."

This same issue was presented to this court in the case of *Davis* v. *C & M Tractor Company*, 2 Ark. App. 150, 617 S.W.2d 382 (1981). In that case, we granted the motion for a rule on the clerk because the statutory procedure for filing appeals from the Commission directly in the Court of Appeals was new and we followed what we thought to be the "spirit" of the decisions of the Arkansas Supreme Court in similar circumstances which had allowed a "short period of grace" before the statutory provisions were routinely applied. We pointed out, however, that "it should be obvious that this action cannot be relied upon in the future."

Our opinion in *Davis* also suggested that, since there was no authority for the Commission to extend the 90-day period in which the record could be filed in the appellate court, certiorari might be a vehicle whereby an extension could be accomplished, or, we said, "perhaps the answer is a promulgation of a rule by the Supreme Court." This is the first time this matter has been presented to us since the *Davis* case and, according to the Commission's letter, was caused by a severe backlog in its transcript preparations.

Under these circumstances, we have decided to grant appellant's motion and are directing the clerk to file the transcript as the record on appeal in this case. We wish to emphasize, however, that we are granting the motion simply because we have heretofore failed to secure the promulgation of a rule taking care of this situation. That rule has now been promulgated and is quoted at the end of this opinion.

We call specific attention to the fact that it is the obligation of the attorney for appellant to see that the record on appeal is filed within the proper period of time. Such attorneys have an obligation to keep in mind the time period involved and to comply with the following rule without depending upon the Commission or anyone else to advise them of the time element involved. This is clearly the thrust of our decision in *Davis* and definitely forecasts our future intentions with regard to the filing of the record on appeal from decisions of the Commission.

Supreme Court of Arkansas Per Curiam opinion, issued March 30, 1987, reads as follows:

Effective this date Rule 26 of the Arkansas Supreme Court and Court of Appeals is changed to be as follows:

When jurisdiction is conferred by filing, within the time allowed for appeal, a dated and certified copy of the order or judgment appealed from, the clerk of the Supreme Court or Court of Appeals may, upon authorization by the court, issue a writ of certiorari to the clerk of the trial court, the reporter, or any other person charged with the duty of preparing the record on appeal, directing that any omissions or errors in the record be corrected. The writ shall order that the record be completed and certified within thirty days and the explanation for any default in complying with the writ must be made on the return thereof within the time directed. This procedure may be used in appeals of civil, criminal, and administrative agency or commission cases.

Motion for rule on the clerk is granted.