Marsha Lynn MORRIS *v.* Norman Ray STROUD

93-192                                                          883 S.W.2d 1

Supreme Court of Arkansas
Opinion delivered September 12, 1994
[Rehearing denied October 24, 1994.]

*Mark S. Cambiano*, for appellant.

*Eddie N. Christian*, for appellee.

TOM GLAZE, Justice. The parties in this case were divorced on June 29, 1992, and appellant Marsha Lynn Morris duly filed her notice of appeal on July 7, 1992. Ms. Morris obtained an extension from the chancery court to file her record, but the extension date was to February 27, 1993 — nearly eight months after the parties' divorce decree had been entered.

Ark. R. App. P. 5(b), provides in relevant part that the trial court may extend the time for filing the record on appeal but "in no event shall the time be extended more than seven months from the date of the entry of the decree except in the event of a post-judgment motion under Ark. R. App. P. 4(b) and (c)." *See In Re Estate of Wilkinson*, 311 Ark. 311, 843 S.W.2d 316 (1992); *Perry* v. *State*, 287 Ark. 384, 699 S.W.2d 739 (1985); *Yent* v. *State*, 279 Ark. 268, 650 S.W.2d 577 (1983). No post-judgment motions were filed below in this case. This court has explained before that, when an appellant seeks an extension of time beyond the seven months to file the record, appellant's remedy is to file a partial record in the supreme court and seek an extension for a compelling reason, such as an unavoidable casualty. *In Re Estate of Wilkinson*, 311 Ark. at 312, 843 S.W.2d at 317.

Although Ms. Morris failed to comply with the seven-month requirement as noted above, the supreme court clerk's office improperly failed to reject her untimely tendered record. It is suggested that the mistake of the clerk should somehow permit this appeal. The rule of law is clear that it is the duty of counsel, not the judge, not the clerk, not the reporter, to perfect an appeal. *Perry*, 287 Ark. 384, 699 S.W.2d 739;

*Jordan* v. *White River Medical Center*, 301 Ark. 292, 783 S.W.2d 836 (1990). Because Ms. Morris's failure to lodge a timely record is jurisdictional, we must dismiss this appeal.[1]

---

[1]In criminal, not civil, appeals, this court has granted motions for rule on the clerk when appellant's attorney admits that the record was tendered late due to a mistake on his or her part. *Harris* v. *State*, 304 Ark. 111, 798 S.W.2d 926 (1990); *In Re: Belated Appeals in Criminal Cases*, 295 Ark. 964, (1979); *see also In Re: Counsel's Failure to File Timely Briefs in Criminal Appeals*, 276 Ark. 427, 635 S.W.2d 264 (1982).