Antonia NOVAK *v.* J.B. HUNT TRANSPORT

CA 94-1019                                                    892 S.W.2d 526

Court of Appeals of Arkansas
En Banc
Opinion delivered February 22, 1995

*Appellant*, pro se.

No response.

JOHN MAUZY PITTMAN, Judge. On June 13, 1994, appellant filed a timely notice of appeal from a decision of the Arkansas Workers' Compensation Commission. However, the record was tendered to the clerk of this court more than ninety days after the filing of the notice of appeal. The Clerk refused to file the record, and the appellant has filed a motion for an order requiring that it be filed.

In support of her motion, appellant states that on September 7, 1994, she phoned the Commission office regarding her appeal and advised that the $100.00 filing fee would be mailed to the Commission; that on September 8, 1994, she was notified by mail that the transcript had been certified; that on September 9, 1994, she phoned the Commission and confirmed that the filing fee was being mailed that day; that on September 12, 1994, the filing fee was received in the Commission office; and that the Commission routed the filing fee and the transcript to the clerk of this court on September 13, 1994, one day past the September 12, 1994, ninety-day filing deadline. We do not find these circumstances to be sufficient grounds to grant appellant's motion for a rule on the clerk.

As is required in other civil actions, the record on appeal from the Workers' Compensation Commission must be filed within ninety days from the filing of the notice of appeal. *Tribble* v. *Heartland Express & Credit General Insurance Co.*, 45 Ark. App. 124, 872 S.W.2d 86 (1994). The responsibility for seeing that the record on appeal is timely filed lies with the appellant or his attorney and cannot be shifted to the court appealed from or its staff. *Id.; Davis* v. *C & M Tractor Co.*, 2 Ark. App. 150, 617 S.W.2d 382 (1981); *see Evans* v. *Northwest Tire Service*, 21 Ark. App. 75, 728 S.W.2d 523 (1987). We have said that in civil cases the failure to discharge that responsibility is excused only by the "most extraordinary circumstances." *Davis* v. *C & M Tractor Co.*, 2 Ark. App. at 157-58, 617 S.W.2d at 386 (quoting *Thomas* v. *Arkansas State Plant Board*, 254 Ark. 997-A, 997-B, 497 S.W.2d 9, 10 (1973)). Subsequently, however, the supreme court has held that the timely filing of the record on appeal is jurisdictional and that it must dismiss an appeal where the record is not timely filed. *Morris* v. *Stroud*, 317 Ark. 628, 630, 883 S.W.2d 1, 2 (1994); *see Jordan* v. *White River Medical Center*, 301 Ark. 292, 783 S.W.2d 836 (1990).

█    Assuming, *arguendo*, that the most extraordinary of circumstances can still excuse a failure to file the record in a timely manner, we cannot find that any such circumstances have been presented in the case at bar. Unlike, for example, the "devastating Jonesboro tornado," which damaged the attorney's home and law office and which was found sufficiently extraordinary in *Thomas* v. *Arkansas State Plant Board, supra*, the appellant here simply waited to mail the check for her filing fee until a point in time so late that it was not even received by the Commission until the last day on which the record could be filed with our clerk.

Motion for rule on the clerk denied.

COOPER, MAYFIELD, and ROBBINS, JJ., dissent.

MELVIN MAYFIELD, Judge, dissenting. By a 3 to 3 vote this court has today denied the appellant's pro se motion for rule on the clerk. I think the motion should be granted, and I believe the prevailing opinion has missed the point involved and fails to recognize established precedent.

No response has been filed by the appellee, and the facts involved are not in dispute. The Arkansas Workers' Compensation Commission rendered an opinion on May 13, 1994, holding against appellant's claim for compensation. A notice of appeal had been filed on June 13, 1994, but on August 29, 1994, the Commission granted the request of appellant's attorney to withdraw as counsel. On September 8, 1994, the Commission notified by mail the appellant in Rogers, Arkansas, that the transcript in her case had been certified and was ready. The appellant, however, had telephoned the Commission office on the previous day to inquire about the matter and had said that the $100 filing fee would be mailed to the Commission office so that the record could be filed in the office of the clerk of the court of appeals. Appellant followed up on September 9, 1994, to confirm that the filing fee had been placed in the mail.

The clerk of the Commission filed an affidavit in this court stating that: "The $100 filing fee was received in the WCC office on September 12, 1994, and routed to the Fiscal Department. The Fiscal Department routed the filing fee to the Clerk [of this court] on September 13, 1994." Our clerk refused to file the record because he did not think it was timely filed.

Arkansas Code Annotated § 11-9-711(b)(1)(A) (1987) provides:

> The appeal to the Court of Appeals may be taken by filing in the office of the commission, within thirty (30) days from the date of the receipt of the order or award of the commission, a notice of appeal, whereupon the commission under its certificate shall send to the court all pertinent documents and papers, together with a transcript of evidence and the findings and orders, which shall become the record of the cause.

Although the prevailing opinion concedes that the notice of appeal was timely filed, the reason it was timely is not apparent, and I think it might be helpful to first consider that matter. Under the above statute the time to file the notice of appeal begins to run from the date of receipt of the Commission's order or award. In this case we do not know when the appellant received the Commission's decision. We do know, however, from the record tendered to our clerk for filing, that the notice of appeal was filed by an attorney from Fayetteville who was subsequently allowed by the Commission to withdraw from the case before the record was tendered to our clerk. Assuming that the Commission's decision was mailed on the date it was filed, May 13, 1994, it surely could not have been received before May 14, 1994, by either the attorney in Fayetteville or the appellant in Rogers. If received on May 14, the 30-day period in which to file the notice of appeal would expire at the end of the day on June 13; thus, the notice of appeal filed on that date was within time. This is the same reasoning applied in the similar case of *Ashcraft* v. *Quimby*, 2 Ark. App. 174, 617 S.W.2d 390 (1981).

However, even if we assume that the decision of the Commission was received by the appellant or her attorney on the same day it was filed in Little Rock — May 13, 1994 — the 30-day period would end on June 12, 1994. But that date fell on Sunday, and under Ark. R. Civ. P. 6(a) when computing any period of time prescribed by "these rules, by order of the court, or by any applicable statute," when the last day of the period falls on Sunday the period runs until the next day. Thus, the notice of appeal filed on Monday, June 13, 1994, was timely filed under Rule 6(a) as well as under our case of *Ashcraft* v. *Quimby*.

The real issue here is whether the record from the Commission was timely filed. In *Davis* v. *C & M Tractor Co.*, 2 Ark. App. 150, 617 S.W.2d 382 (1981), we were called upon to determine whether the 90-day time period provided in the Rules of Appellate Procedure applied to the filing of a record in an appeal from the Workers' Compensation Commission. We noted that this was a question that usually would be decided by the Arkansas Supreme Court but in appeals from agencies or commissions the case first comes to us, citing *Ward School Bus Manufacturing, Inc.* v. *Fowler*, 261 Ark. 100, 547 S.W.2d 394 (1977), and *Houston Contracting Co.* v. *Young*, 267 Ark. 44, 589 S.W.2d 9 (1979). We then discussed Acts 252 and 253 of 1979, which provided that appeals from the Arkansas Workers' Compensation Commission would go directly to the Arkansas Court of Appeals, and noted that Arkansas Supreme Court Rule 29 had the same effect. We concluded that the record on appeal from the Commission should be filed within 90 days from the filing of the notice of appeal as provided by Rule 5 of the Rules of Appellate Procedure. That decision was based on the fact that Act 252 of 1979 said that appeals to the Commission would be allowed as in other civil actions. While the Arkansas Supreme Court did not review our holding in *Davis* v. *C & M Tractor*, the holding has never been reversed by any opinion of that court. Therefore, although neither the 1979 Acts nor Ark. Code Ann. § 11-9-711(b)(1)(A) (1987) provided for a specific period in which the record from the Commission should be filed in the appellate court, this court continues to think it should be filed within 90 days from the filing of the notice of appeal.

In the present case the last day of that period would have been September 11, 1994. However, that day fell on Sunday and under Ark. R. Civ. P. 6(a) (which I have previously discussed) the time would run to Monday, September 12. But the record was not actually tendered until the 13th. This was because the filing fee, which was received by the Commission on the last day to file the record, was not "routed" to the office of the clerk of the court of appeals until September 13. (Our clerk actually noted on the record that it was tendered on September 14.)

Although we made it clear in *Davis* v. *C & M Tractor, supra,* that it is the duty of the appellant's attorney to see that the record is filed within time, we held that because the legislative acts pro-

viding for workers' compensation appeals to be decided by the court of appeals were new and had not been interpreted before, the motion for rule on the clerk to file the record after the 90-day period should be granted. We relied upon cases of the Arkansas Supreme Court for that holding and said our decision was "within the spirit" of those holdings, but we made it clear that records must be timely filed in the future. *See* 2 Ark. App. at 158, 617 S.W.2d at 386.

Later on, however, in *Evans* v. *Northwest Tire Service*, 21 Ark. App. 75, 728 S.W.2d 523 (1987), we allowed a record to be filed after the 90-day limit because the Commission had failed to complete the transcript of its proceedings in time for it to be filed in the appellate court within 90 days from the filing of the notice of appeal. We noted that there was no authority which specifically provided for a writ of certiorari to be issued to the Commission for it to complete the record and said, "under these circumstances, we have decided to grant appellant's motion [for a rule on the clerk] and are directing the clerk to file the transcript as the record in this case."

But in *Tribble* v. *Heartland Express*, 45 Ark. App. 124, 872 S.W.2d 86 (1994), we refused to allow a record to be filed where the Commission did not complete it until four days before the 90-day period expired. This was some eight years after the *Evans* case, and we pointed out that ever since that time a rule (now Arkansas Supreme Court and Court of Appeals Rule 3-5) had been in existence which would allow an appellant to file a copy of the order appealed from before the time to file the record expired and get a writ of certiorari issued to file the record. Because that solution to the problem had been in place for many years, but had not been used in the *Tribble* case, we refused to let the record be filed.

So, in the present case, because the question now before us has never been presented before, I would allow the record in this case to be filed. After all, Ark. Code Ann. § 11-9-711(b)(1)(A) (1987) specifically provides that the Commission "shall send" its record to the appellate court to be filed. The appellant actually put the filing fee in the hands of the Commission on September 12, 1994, and this was within the period to file the record. Although the principle is well established that it is the attorney's

responsibility to see that the appeal is properly perfected, there was no case at the time here involved that had specifically interpreted the attorney's responsibility under the circumstances in this case. Therefore, I do not think it would have been unreasonable for an attorney to have assumed that the filing fee should be furnished to the *Commission* for it to use in filing the record. Thus I think it is "within the spirit" of the Arkansas Supreme Court cases discussed in *Davis* v. *C & M Tractor Company, supra*, the *Davis* case itself, and our case of *Evans* v. *Northwest Tire Service, supra*, to allow the record to be filed in the present case.

There was some discussion in our conference on the question of whether the filing of the record is jurisdictional and, if so, how that would affect our decision here. To bring that point into focus, we need to go back to the passage of Act 555 of 1953. That act was compiled as Ark. Stat. Ann. § 27-2106.1 (Repl. 1979), and it required filing a notice of appeal and cross appeal but provided the "failure . . . to take any of the further steps to secure the review of the judgment or decree appealed from shall not affect the validity of the appeal or cross appeal but shall be grounds only for such action as the appellate court deems appropriate, which may include dismissal of the appeal or cross appeal." Early on, the Arkansas Supreme Court gave clear effect to this provision.

In *West* v. *Smith*, 224 Ark. 651, 660, 278 S.W.2d 126 (1955), on rehearing, the court allowed a record to be filed after the 90-day period had expired and no extension had been obtained. The court said Act 555 was new and it would use its discretion, in the interest of justice, and allow other records to be filed late during a short period of time. Also in *Davis* v. *Ralston Purina Co.*, 248 Ark. 14, 449 S.W.2d 709 (1970), the court denied a motion to dismiss an appeal saying, "the filing of a notice of appeal is jurisdictional, but irregularities in the other procedural steps . . . are merely grounds for such action as this court deems appropriate." 248 Ark. at 17, 449 S.W.2d at 711. Again in *Gallman* v. *Carnes*, 254 Ark. 155, 492 S.W.2d 255 (1973), the court allowed a record to be filed out of time after Act 555 had been amended. The court said, "to avoid unnecessary hardship to litigants . . . we think it best to allow a short period of grace" before the new provisions would be "routinely applied." 254 Ark. at 157, 492 S.W.2d at 257.

Even after the "grace period" ran out, the court in *Bernard v. Howell*, 254 Ark. 828, 496 S.W.2d 362 (1973), recognized its "inherent discretion" to allow a record to be filed out of time, but there was no "unavoidable casualty" or even sufficient "exceptional circumstances" to grant a motion for rule on the clerk to file the record. However, in *Thomas* v. *Arkansas State Plant Board*, 254 Ark. 997-A, 497 S.W.2d 9 (1973), the court found the "devastating Jonesboro tornado" an unavoidable casualty which justified allowing the record to be filed late. Other cases which recognized that the filing of the record on time is not jurisdictional are cited in *Yent* v. *State*, 279 Ark. 268, 650 S.W.2d 577 (1983), which said: "Under Appellate Procedure Rule 5(b) and its predecessor, Act 555 of 1953, § 20, the trial court cannot extend the time for filing the record to a date more than 7 months after the entry of the judgment, *although this court may do so for compelling reasons, such as unavoidable casualty.*" 279 Ark. at 268-69, 650 S.W.2d at 578. (Emphasis added.)

And in *Johnson* v. *Carpenter*, 290 Ark. 255, 718 S.W.2d 434 (1986), the court again explained that its appellate court rule provides that "[t]he filing of a notice of appeal is jurisdictional, but irregularities in the other procedural steps . . . are merely grounds for such action as *this court* deems appropriate." 290 Ark. at 259, 718 S.W.2d at 437 (emphasis in the original). In addition, the case of *Burris* v. *Burris*, 278 Ark. 106, 643 S.W.2d 570 (1982), cited in *Johnson* v. *Carpenter*, involved the failure to file a notice of appeal within time and the court said:

> Appellant urges that we treat the failure as an unavoidable casualty, which we have done on occasion when the record was unavoidably tendered out of time. However, the rule of unavoidable casualty applies to the lodging of the record on appeal and *not* to the failure to file Notice of Appeal, the latter being jurisdictional.

Although the prevailing opinion appears to be troubled by language in *Morris* v. *Stroud*, 317 Ark. 628, 883 S.W.2d 1 (1994), *Jordan* v. *White River Medical Center*, 301 Ark. 292, 783 S.W.2d 836 (1990), and *DeViney* v. *State,* 299 Ark. 471, 772 S.W.2d 607 (1989), these cases were not concerned with the *appellate court's* jurisdiction to extend the time for filing the record. They involved only the *trial court's* authority to extend the time. Therefore,

these cases are not authority for holding that failing to file a record affects the appellate court's jurisdiction. Rule 3 of the current Rules of Appellate Procedure has superseded Ark. Stat. Ann. § 27-2106.1, *see* Reporter's Notes (4), but Rule 3(b) still contains the language of Act 555 of 1953, which was compiled as Ark. Stat. Ann. § 27-2106.1, that "an appeal shall be taken by filing a notice of appeal" and the failure to take further steps "shall not affect the validity of the appeal or cross appeal, but shall be ground only for such action as the appellate court deems appropriate."

Even if it is arguable that the filing of the record is jurisdictional, there is no question but what the Arkansas Supreme Court has authority to allow a record to be filed out of time. In *West* v. *Smith, supra,* even Justice McFadden who wrote the majority opinion, which was reversed on rehearing, said, "It is not to be doubted that under our inherent constitutional power, this court could, in a most exceptional case, allow a record to be filed after the time fixed." 224 Ark. at 656, 278 S.W.2d at 130. Thus, it is not necessary for the court of appeals to pick between the "inherent constitutional power" recognized by Justice McFadden in *West* v. *Smith* or the view taken in that case by Justice George Rose Smith that timely filing of a notice of appeal is the *only* jurisdictional requirement in the procedural process of perfecting an appeal. Under either theory I think it proper to allow the record in the present case to be filed. While I do not claim that we have all of the "inherent constitutional power" possessed by the Arkansas Supreme Court, under the appellate procedure now in effect, there is no way for our supreme court to exercise its power in this case until we have passed on the motion presented.

The prevailing opinion appears to miss the point when it states there are no extraordinary circumstances in this case which calls for us to excuse the failure to file the record within 90 days after the notice of appeal was filed. The point here is that the statutory provision which states that the Commission shall send the record to the appellate court has not been previously interpreted with regard to whether the filing fee should be furnished to the Commission or paid directly to the appellate court. The appellant, acting pro se, sent the fee to the Commission. It was received by the Commission within the 90 days for filing of the record. The Commission, however, failed to take the record and

the fee to the court the day the fee was received. As was done by the Arkansas Supreme Court in *West* v. *Smith, supra,* and the court of appeals in the *Davis* and *Evans* cases, *supra,* I think we should allow the record to be filed late in the present case. Not because of an extraordinary circumstance, but because of an understandable failure to do what the law did not specifically say to do, and because we have the power and authority to exercise some compassion in a situation not unlike those in which compassion has been exercised before by both of the appellate courts of this state.

I feel, as Justice Smith said in *West* v. *Smith,* that it is "repugnant" to one's sense of justice to dismiss a case without a decision on its merits. It is also regrettable that we have not allowed the record to be filed in this case where the appellant is not represented by an attorney because an attorney would know that a 3 to 3 vote here is grounds for the Arkansas Supreme Court to review our decision and would know how to ask for that review.

I dissent from this court's refusal to grant appellant's motion for a rule on the clerk, and I am authorized to state that Judges Cooper and Robbins join in this dissent.