Jewell KISSINGER, et al. *v.* Henry TURNER

CA 94-384                                              894 S.W.2d 614

Court of Appeals of Arkansas
En Banc
Opinion delivered March 15, 1995
[Rehearing denied April 12, 1995.]

*Blackman Law Firm*, by: *Keith Blackman*, for appellant.

*Mooney Law Firm*, by: *Tom A. Bennett*, for appellee.

JOHN E. JENNINGS, Chief Judge. This case is a boundary line dispute. Because the record on appeal was not timely lodged, we have determined that we lack jurisdiction to hear the appeal and therefore it must be dismissed.

The judgment in the case at bar was entered by the Craighead County Chancery Court on August 30, 1993. Appellants filed a timely notice of appeal on September 13, 1993. Appellants then obtained an order of the chancery court extend-

ing the time to file the record on appeal to April 11, 1994.[1] In this the trial court exceeded its authority because Rule 5(b) of the Rules of Appellate Procedure provides that "in no event shall the time be extended more than seven months from the date of entry of the decree. . . ."

The case at bar is indistinguishable from *Morris* v. *Stroud*, 317 Ark. 628, 831 S.W.2d 1 (1994). There, the supreme court held, in virtually identical circumstances, that the appeal must be dismissed for failure to timely lodge the record. We can find no basis to distinguish that case from this one and must therefore dismiss the appeal.

Dismissed.

COOPER and MAYFIELD, JJ., dissent.

JAMES R. COOPER, Judge, dissenting. I dissent because I do not agree that lodging the record in an untimely fashion deprives the appellate court of jurisdiction.

Act 555 of 1953 required the filing of a notice of appeal but specifically provided that "failure . . . to take any of the further steps to secure the review of the judgment appealed from shall not affect the validity of the appeal . . . but shall be grounds only for such action as the appellate court deems appropriate, which may include dismissal of the appeal . . . ." Ark. Stat. Ann. § 27-2106.1 (Repl. 1979). In *West* v. *Smith*, 224 Ark. 651, 278 S.W.2d 126 (1955), the Supreme Court held that, as in the case at bar, the trial court was without power to grant its extension of time to docket the record. Nevertheless, the Court held that it possessed the power to extend the time for filing the record.

This question should be distinguished from the issue presented in the case relied upon by the majority, *Morris* v. *Stroud*, 317 Ark. 628, 883 S.W.2d 1 (1994), which dealt with the authority of the trial court to extend the time for filing the record. Unquestionably, the trial court lacks authority to do so. This does not, however, speak to the authority of the appellate court to hear the appeal. If the timely lodging of the record on appeal was truly an element of the appellate court's jurisdiction, then it would follow that in cases such as *Thomas* v. *Arkansas State Plant*

---

[1]The record was filed on April 7, 1994.

*Board*, 254 Ark. 997-A, 497 S.W.2d 9 (1973), where late filing of the record was permitted due to the Jonesboro tornado, the appellate court derived its jurisdiction from a natural calamity. I cannot believe that our jurisdiction is dependent upon the whims of the weather, and I dissent.

MAYFIELD, J., joins in this dissent.

MELVIN MAYFIELD, Judge, dissenting. I agree with Judge Cooper's dissent that the filing of a record in the appellate court is not jurisdictional. For an in-depth discussion of this point, although directed toward a different issue, see my dissent in *Novak* v. *J.B. Hunt Transport*, 48 Ark. App. 165, 892 S.W.2d 526 (1995).