## Eddie HILLIGAS *v.*
## POTASHNICK CONSTRUCTION COMPANY

CA 95-108            912 S.W.2d 945

Court of Appeals of Arkansas
En Banc
Opinion delivered December 20, 1995

*David Earl Smith*, for appellant.

*Friday, Eldredge & Clark*, by: *Chuck Gschwend*, for appellee.

Per Curiam. In this case the appellant has filed a notice of appeal from the Arkansas Workers' Compensation Commission, but the record on appeal was tendered to the clerk of this court nine days too late. Appellant has now filed a motion for a rule on the clerk to require the record to be filed, and the attorney for appellant has admitted that the failure to file the record on time was the attorney's fault.

This is not a reason that will allow the record in a civil case to be filed out-of-time. This reason is allowed in criminal cases because "to do otherwise would be a denial of a constitutional right; that is, the right to effective assistance of counsel." *Moore* v. *State*, 267 Ark. 548, 592 S.W.2d 450 (1980). *See also Kennedy* v. *State*, 321 Ark. 564, 905 S.W.2d 70 (1995). In *Davis* v. *C & M Tractor Co.*, 2 Ark. App. 150, 617 S.W.2d 382 (1981), we discussed this point and pointed out that the Arkansas Supreme Court had allowed records to be filed out-of-time in civil cases only in the "most extraordinary circumstances." We have consistently applied this rule in appeals from the Workers' Compensation Commission since the *Davis* v. *C & M Tractor* case. *See Novak* v. *J.B. Hunt Transport*, 48 Ark. App. 165, 892 S.W.2d 526 (1995), where we refused to allow a record from the Workers' Compensation Commission to be filed because it was tendered one day past the filing deadline.

In *Novak* and some other cases, the failure to timely file the record has resulted from the fact that the appellant has relied upon the Commission, which prepares the record, to file it within the required period of ninety days from the filing of the notice of appeal. We noted in *Evans* v. *Northwest Tire Service*, 21 Ark. App. 75, 728 S.W.2d 523 (1987), that Arkansas Supreme Court and Court of Appeals Rule 26 had been amended to allow a dated and certified copy of an order of an administrative agency or commission to be filed in the appellate court asking that a writ of certiorari be issued directing that the record on appeal be filed in the appellate court. Rule 26 also provided that the writ would order that the record be completed and filed within thirty days. That Rule is now Rule 3-5.

Therefore, in appeals from the Workers' Compensation Commission it would be wise to routinely make a calendar note to file a petition for writ of certiorari about three weeks

before the record is required to be filed in the appellate court. For practical purposes this is the only way to extend the filing deadline in those cases since the method for obtaining an extension of time as provided in Arkansas Rule of Appellate Procedure 5(b) does not apply to appeals from the Commission. *See Evans, supra.*

The motion for rule on the clerk in the instant case must be denied.