WASTE MANAGEMENT and Transportation Insurance Company
*v.* Jack ESTRIDGE

CA 04-1241                                                    200 S.W.3d 453

Court of Appeals of Arkansas
Opinion delivered December 15, 2004

PER CURIAM. Motion for Rule on the Clerk is denied.

SAM BIRD, Judge, dissenting. Appellants, Waste Management and Transportation Insurance Company, have filed a motion for rule on the clerk, seeking an order directing the clerk to

docket the record tendered in connection with this appeal. The facts giving rise to this motion are certainly unique and, considering the state of the law, I can understand that there would be a difference of opinion as to whether the motion should be granted. This court has voted to deny the motion. I would grant it.

Appellants' motion presents two propositions bearing on the question of whether the clerk should be directed by us to file the record. As one ground for their motion they allege that the record was not tendered late because the ninety day period for filing the record in a workers' compensation case commences on the day that the fifteen dollar "appeal processing fee" called for by Ark. Code Ann. § 11-9-711 is actually paid to the Commission by an appellant, instead of on the day that the notice of appeal is filed. Appellants argue that although their notice of appeal was "submitted to" the Commission on August 5, 2004, the notice could not be considered as having been "filed" for jurisdictional purposes until they paid the mandatory processing fee on August 9. Thus, they argue that the record tendered to the court clerk on November 8, being within ninety days of August 9, was timely filed.

I would not grant appellants' motion on that basis. The documentation appellants have submitted to us with their motion establishes that their notice of appeal was received in the office of the Commission on August 5 or 6, 2004[1]. The Commission responded with a letter dated August 6, 2004, acknowledging receipt of the notice and advising that payment of a $15 processing fee was required "prior to our compiling and certifying the record." Ark. Code Ann. § 11-9-711(b)(1)(C) (Supp. 2003) provides that "[t]he commission may assess and collect an appeal processing fee not to exceed fifteen dollars ($15.00) from the appellant and, if cross appealed, the cross appellant."[2] I discern no language in this statute that can reasonably be interpreted to mean

---

[1] It appears most likely that the notice was mailed by appellants' counsel on August 5, and received by the Commission on August 6. The difference of one day is immaterial for the purposes of appellants' arguments.

[2] By Rule 18 IV of the Rules of the Arkansas Workers' Compensation Commission, the Commission exercised its authority to assess the appeal processing fee permitted by § 11-9-711, stating, "Any party who files an appeal from a compensation order or award made by the Full Commission shall be assessed a fifteen dollar ($15.00) processing fee. Such fee shall be paid by appellant and/or cross-appellant with the filing of appeal. The record shall not be compiled and certified until such time as the fee has been received and acknowledged by the Clerk of the Commission." While this rule sets a time for payment of the fee, it does

that a notice of appeal that is received by the Commission is not to be considered as "filed," or that the Commission is empowered to decline to file a notice of appeal until the appeal processing fee is paid. Rather, it is more logical, and consistent with the statute, that the notice of appeal is considered to be filed when received at the Commission, but that the Commission will not process (i.e., compile and certify) the record until the fee is paid. Thus, I find no merit in appellants' argument that their delay in paying the processing fee also delayed the filing of their notice of appeal and, thereby, extended the ninety-day period within which to file the record with our court clerk.

On the other hand, I do find merit in appellants' other argument. They argue that although their record may have been tendered to the court clerk more than ninety days after the notice of appeal was filed, the untimely filing was caused by the "extraordinary circumstances relating to the misleading, affirmative actions and words of the Clerk of the Commission[,] coupled with the Commission's failure to follow its notification procedures or procedures outlined by statute."

Arkansas Code Annotated section 11-9-711(b)(1)(A) provides:

> The appeal to the court may be taken by the filing in the office of the commission, . . . a notice of appeal, whereupon the commission under its certificate shall send to the court all pertinent documents and papers, together with a transcript of evidence and the findings and orders, which shall become the record of the cause.

Instead of sending the record to the court after it has been completed, as required by the statute, the Commission long ago adopted a practice, well known to practitioners, of notifying appellants, by certified mail, when the record has been certified and is ready to be picked up, specifying the hours between which the record may be received at the Commission office, and advising counsel that he or she will be presented with the record, which is to be hand delivered to the court clerk with a check for $100. The

---

not provide (and I do not believe the Commission would be authorized to provide by rule) that filing of the notice of appeal is to be delayed until the fee is received. Rather, it logically provides that the appeal record will not be *processed* until the *processing* fee is paid. Thus, an appellant who files a notice of appeal but does not pay the processing fee runs the risk of not having an appeal record to timely tender to the court clerk.

Commission apparently has not attempted to formalize this alternative practice for lodging the record by the adoption of a rule.

In the present case, the documentation reflects that after appellants paid the $15 processing fee, the clerk of the Commission responded by letter dated August 10, 2004, to "Ms. Judy Wilber," appellants' counsel, acknowledging receipt of the fee, and advising her that she "will receive written notice of the transcript completion." The record was apparently compiled and certified by the Commission on October 14, 2004, because on that date the Commission clerk sent a notification letter, by "Certified Mail — Return Receipt." However, that letter was addressed not to appellants' counsel, but to "Mr. Floyd Thomas," appellee's counsel (who, under the Commission's practice, had no duty to see to the record's filing), notifying him that the record was ready to be picked up and filed with the court clerk. Although it is reflected on the letter to Thomas that a copy was being also sent to Ms. Wilber, Ms. Wilber states to us that the copy was never received, a proposition I find entirely credible in view of the Commission clerk's flagrant error in sending the certified letter to the wrong party, notwithstanding an abundance of correspondence before her indicating that the appellants in the case were Waste Management and Transportation Insurance Company, represented by Judy Wilber.

Therefore, appellants argue that, in this instance, the Commission has not only failed to follow the statutory requirement that it send the certified record to the court clerk, but that the Commission has adopted an alternative practice of notifying appellants' attorney, by certified mail, to pick up the record from the Commission and hand deliver it to the court clerk, *which alternative practice the Commission has also failed to follow*, because it sent the certified notice to counsel for the wrong party. I agree with this argument.

We have often held that the timely filing of the appeal record is an essential prerequisite to our jurisdiction to consider the appeal. In *Novak v. J.B. Hunt Transp.*, 48 Ark. App. 165, 892 S.W.2d 526 (1995), appellant filed a timely notice of appeal from a decision of the Commission but was so late mailing her filing fee that the Commission received it on the last day that it could have been lodged with the clerk of this court; the Commission routed the fee and record to the clerk on the following day, which was one day past the ninety-day filing deadline. We denied appellant's motion for rule on the clerk, noting the supreme court's ruling in

*Morris v. Stroud*, 317 Ark. 628, 883 S.W.2d 1 (1994), that the filing of the record on appeal is jurisdictional and that an appeal must be dismissed where the record is not timely filed.

In *Davis v. C&M Tractor Co.*, 2 Ark. App. 150, 617 S.W.2d 382 (1981), we held that the ninety-day time period provided by Rule 5 of our Rules of Appellate Procedure applied to the filing of a record on appeal from the Workers' Compensation Commission, and that it is the responsibility of the appellant (or appellant's attorney should there be one) to see that the record is timely filed.

In *Evans v. Northwest Tire Service*, 21 Ark. App. 75, 728 S.W.2d 523 (1987), we called specific attention to the obligation of the attorney for an appellant to see that the record on appeal is filed within the proper period of time, and we placed the public on notice that variance from the ninety-day rule would no longer be permitted.

In *Hilligas v. Potashnick Constr. Co.*, 51 Ark. App. 207, 912 S.W.2d 945 (1995), we noted that the failure to timely file the record in *Novak* and some other cases had resulted from appellant's reliance upon the Commission, after preparing the record, to file it within the required period of ninety days from the filing of the notice of appeal. We noted that, because the method for obtaining an extension of the filing time under Arkansas Rule of Appellate Procedure 5(b) does not apply to appeals from the Commission, the only way to extend the filing deadline in those cases, for all practical purposes, is a petition for writ of certiorari filed about three weeks before the record is required to be filed in the appellate court. *Id.* at 208-9, 912 S.W.2d at 946.

We have also recognized exceptions and have permitted an untimely filing in extraordinary circumstances. In *Thomas v. Ark. State Plant Bd.*, 254 Ark. 997-A, 497 S.W.2d 9 (1973), the supreme court held that a devastating tornado, which damaged the attorney's home and law office and substantially increased his responsibilities as city attorney, fell within the category of forces of nature or act of God characterizing an unavoidable casualty productive of the most extraordinary circumstances to justify our permitting the tardy lodging of an appeal.

Although it is clear from our rulings in previous cases that the neglect of an attorney in failing to timely file the record cannot be shifted to the clerk of the Commission, the documents provided to us in this case show that appellants' counsel exercised an appropriate degree of tenacity to ensure that the record was being

compiled. For example, on September 24, 2004, email correspondence indicates that counsel's secretary contacted the Commission's clerk about the status of the record and was advised that "we just need to wait until she sends a letter stating that the transcript is ready to be picked up."

In my opinion, the case now before us falls somewhere between those in which we have declined to permit an untimely filing, and *Thomas v. Arkansas State Plant Bd.*, *supra*, where we permitted an untimely filing because of extraordinary circumstances. None of the cases that I have found where we refused to permit an untimely filing involved circumstances such as exist here, where the Commission failed to fulfill its statutory obligation or to follow its long standing practice that was at variance with the statute.

I share the sentiment expressed by Justice George Rose Smith in his dissenting opinion in *West v. Smith*, 224 Ark. 651, 660, 278 S.W.2d 126, 132 (1955), where he said:

> To dismiss a case other than on its merits is repugnant to any one's sense of justice. . . . The requirement of completely unavoidable casualty has been read into the law without, as far as I can see, any basis except a strong reverence for outworn technicalities. . . .

and the view of Judge James R. Cooper in *Kissinger v. Turner*, 49 Ark. App. 1, 894 S.W.2d 614 (1995), in which he said:

> This question should be distinguished from the issue presented in the case . . . [of] *Morris v. Stroud*, 317 Ark. 628, 883 S.W.2d 1 (1994), which dealt with the authority of the trial court to extend the time for filing the record. Unquestionably, the trial court lacks authority to do so. This does not, however, speak to the authority of the appellate court to hear the appeal. If the timely lodging of the record on appeal was truly an element of the appellate court's jurisdiction, then it would follow that cases such as *Thomas v. Arkansas State Plant Board* (citation omitted), where the late filing of the record was permitted due to the Jonesboro tornado, the appellate court derived its jurisdiction from a natural calamity. I cannot believe that our jurisdiction is dependent upon the whims of the weather. . . .

*Kissinger*, 49 Ark. App. at 2, 894 S.W.2d at 615 (Cooper, J., dissenting).

It appears to me that the circumstances of this case are sufficiently extraordinary to permit an exception to the rule. It is clear that the untimely filing would have been avoided if the Commission had either followed the requirement of the statute that it forward the record to the court clerk or followed its usual practice of sending a certified letter to appellant's attorney, informing her the record was ready to be picked up. I would grant appellant's petition and direct the clerk to file the record.