WASTE MANAGEMENT & Transportation Insurance Company  *v.* Jack ESTRIDGE

05–16                                          210 S.W.3d 869

Supreme Court of Arkansas
Opinion delivered June 23, 2005

*Wright, Lindsey & Jennings, LLP*, by: *Judy Robinson Wilbur*, for appellant.

No response.

T OM GLAZE, Justice. Waste Management has petitioned for review from the court of appeals' denial of its motion for rule on the clerk to accept an untimely record. We granted Waste Management's petition to consider the interpretation of Ark. Code Ann. § 11-9-711 (Supp. 2003), a special statute that sets out how one appeals from an order rendered by the Workers' Compensation Commission.

In its brief in support of its motion for rule on the clerk, Waste Management raises two arguments. First, Waste Management asserts that extraordinary circumstances relating to the misleading, affirmative actions and words of the clerk of the Commission, coupled with the Commission's failure to follow either its own notification procedures or the notification procedures outlined by statute warrant allowing the record to be lodged. Second, Waste Management asks the court to consider whether payment of the Commission's filing fee is mandatory to invoke the court's jurisdiction, given the applicable statutes and rules governing workers' compensation appeals. We deny the motion.

Under the Workers' Compensation Act, a compensation order or award of the Commission shall become final unless a party to the dispute shall, within thirty days from receipt by him or her of the order or award, file notice of appeal to the court of appeals, which is designated as the forum for judicial review of those orders or awards. Ark. Code Ann. § 11-9-711(b)(1) (Supp. 2003). The party initiates the appeal by filing the notice of appeal in the office of the Commission. § 11-9-711(b)(1)(A). Under its certificate, the Commission shall send to the court of appeals all pertinent documents and papers, together with a transcript of evidence and the findings and orders, which shall become the record on review by

the court of appeals. *Id.* The Commission may assess an appeal processing fee not to exceed $15.00. § 11-9-711(b)(1)(C).[1]

In the present case, the Commission issued an opinion on July 12, 2004, affirming the Administrative Law Judge and awarding appellee Jack Estridge benefits. Waste Management sought to appeal the Commission's decision after it received the opinion on July 15, 2004; this made the thirty-day deadline for filing its notice of appeal fall on August 16, 2004.[2] However, Waste Management was then required to file its record on review within ninety days from the filing of its notice of appeal. The clerk of the court of appeals calculated that the time for filing the record was November 4, 2004, ninety days from the date Waste Management filed its notice of appeal on August 5, 2004. When the clerk refused to docket Waste Management's appeal, which was tendered to the clerk's office on November 8, 2004, Waste Management countered that its appeal was not commenced until Waste Management actually paid the $15.00 processing fee to the Commission on August 9, 2004. Under Waste Management's interpretation, the ninety-day deadline for filing the record would have been November 8, 2004, and its tendering of the record would have been timely. Waste Management is in error.

In its first argument on appeal, Waste Management attempts to place the blame for the delay, if any, on the Commission. For example, on September 24, 2004, Waste Management telephoned the Commission's clerk, who said that the record had been placed in line for completion, and Waste Management would receive written notification of the transcript's completion. On October 14, 2004, however, the Commission's clerk notified *Estridge's* attorney, not Waste Management's, that the record had been certified and was ready to be picked up. Although the letter notifying Estridge about the record reflected that a copy of the letter had been sent to Waste Management's attorney, its attorney stated that she never received a copy. Waste Management's attorney did not receive a call from the Commission until November 8, 2004, when, on the same date, she picked up the record from the Commission and attempted to lodge it with this court's clerk's

---

[1] The Commission has promulgated its Rule 18, which makes the $15.00 appeal processing fee mandatory, and provides that the fee shall be paid by the appellant with the filing of the appeal.

[2] The thirtieth day, August 14, 2004, fell on a Saturday.

office. When the clerk refused to lodge the record, Waste Management filed its motion for rule on the clerk.

Our court and the court of appeals have been confronted with the application for a motion for rule on the clerk in workers' compensation cases before, and we have denied such motions when attorneys tendered records outside the ninety-day deadline. In fact, since 1981, the court of appeals has consistently held that records will be allowed to be filed out-of-time in civil cases only in the "most extraordinary circumstances." *See Davis v. C & M Tractor Co.*, 2 Ark. App. 150, 617 S.W.2d 382 (1981); *see also Hilligas v. Potashnick Construction Co.*, 51 Ark. App. 207, 912 S.W.2d 945 (1995) *(per curiam)*; *Novak v. J.B. Hunt Transport*, 48 Ark. App. 165, 892 S.W.2d 526 (1995) (court of appeals refused to allow a record from the Workers' Compensation Commission to be filed because it was tendered one day past the filing deadline).

In *Davis, supra,* the court of appeals specifically and correctly held for the first time that, in appeals from the Workers' Compensation Commission, records must be tendered within ninety days of the filing of the notice of appeal. The appellant in *Davis* filed his notice of appeal with the Commission in a timely manner, but the record from the Commission was tendered to the clerk of this court more than ninety days from the filing of the notice of appeal. The clerk's office refused to accept the tendered record on the grounds that Ark. R. App. P. – Civ. 5 requires the record to be filed within ninety days from the filing of the notice of appeal. Appellant's counsel filed a motion for rule on the clerk, contending that counsel was not notified by the Commission that the record was ready until after the ninety-day period to file had expired. *Davis*, 2 Ark. App. at 152.

The court of appeals traced the history of the statutes governing appeals from the Workers' Compensation Commission, noting that in 1978, the General Assembly passed Acts 252 and 253, both of which provided for appeals from the Commission directly to the court of appeals. *Id.* at 153. The court then noted that Section 7 of Act 253 provided that an appeal from the Commission to the court of appeals may be taken "[b]y filing in the office of the Commission, within thirty days from the date of the receipt of the order or award of the Commission, a notice of appeal, whereupon the Commission . . . shall send to the court . . . the record of the cause." The *Davis* court then wrote as follows:

> Our first question is whether the 90-day time period provided in the Rules of Appellate Procedure applies to the filing of a record

on appeal from the Workers' Compensation Commission. Act 252 of 1979 says those appeals shall be allowed as in other civil actions. It would seem, therefore, that the 90-day period in which to file the record that applies to other civil actions would apply to appeals from the Commission. But Act 253 provides, after [the] notice of appeal is filed, that the Commission shall "send to the court" the record on appeal, and does not set out any specific time limitation within which it should be filed. That was the same requirement in the original workers' compensation law, Act 319 of 1939, and was the same requirement in the Act passed in the extended session in 1976, Ark. Stat. Ann. § 81-1324(b) (Repl. 1947), which was in effect when Acts 252 and 253 of 1979 were passed. And in *Commercial Standard Ins. Co. v. Hill*, 203 Ark. 768, 158 S.W.2d 676 (1942), the court held that the provision of the 1939 Act meant the Commission should file the record "within a reasonable time," although at that time the record was filed in the Circuit Court to which appeals from the Commission were then taken.

*Id.* at 153-54.

From this background, the court concluded that "a good argument can be made that the record on appeal from the . . . Commission should be filed in the court of appeals within 90 days from the filing of the notice of appeal as is required in other civil actions. And, since that is a decision the supreme court can and may ultimately make, we think it best to so hold now." *Id.* at 154-55. The court continued as follows:

It will be clear from this point on, unless changed by the Supreme Court, that *the record must be filed within 90 days from the filing of the notice of appeal as provided by Rule 5 of the Rules of Appellate Procedure.*

This holding makes it important, we feel, to attempt to make another point clear. In the motion before us the appellant says he was not advised that the record was ready to be filed until after the 90 days had expired. *If records on appeal from the Commission are to be filed within the time period set out in the Rules of Appellate Procedure, we think it proper that the responsibility for seeing that the record is filed in time should rest where it rests under the Rules of Appellate Procedure.*

• • • •

*Thus, under the Rules of Appellate Procedure, it is the responsibility of the appellant (which means his attorney if he has one) to see that the record*

*is filed in time.* This is not a new concept. One hundred forty years ago, *Hathaway v. Smith*, 3 Ark. 248 (1841), held it was the appellant's duty to cause the transcript to be filed.

*Id.* at 155-56 (emphasis added).

In *Novak, supra,* and other cases, where the failure to timely file the record has resulted from the fact that the appellant relied upon the Commission, which prepares the record, to file it within the required period of ninety days from the filing of the notice of appeal, this court and the court of appeals have rejected the records as untimely. The court of appeals, in both *Novak, supra,* and *Hilligas, supra,* also pointed out that an appellant could request a writ of certiorari to be issued, directing that the record on appeal be filed in the appellate court. *See also Evans v. Northwest Tire Service,* 21 Ark. App. 75. 728 S.W.2d 523 (1987).[3]

This court has repeatedly and consistently held that "[i]t is the duty of counsel, not the judge, the clerk, or court reporter, to perfect an appeal." *Mosby v. Office of Professional Conduct,* 356 Ark. 500, 501, 156 S.W.3d 253, 254 (2004); *see also Davis v. Williamson,* 353 Ark. 225, 114 S.W.3d 216 (2003). Further, we have held that a statement that it was someone else's fault or no one's fault will not suffice. *Jones v. State,* 353 Ark. 121, 111 S.W.3d 853 (2003); *Clark v. State,* 289 Ark. 382, 711 S.W.2d 162 (1986). Clearly, under *Davis v. C&M Tractor,* a statement that it is the fault of the clerk of the Commission is woefully insufficient.

Although Waste Management suggests that the Commission's failure to follow either the proper statutory procedures or its own internal policies constitute "extraordinary circumstances," this case is nothing like the "classic" case of extraordinary circumstances. In *Thomas v. Arkansas State Plant Board,* 254 Ark. 997-A, 497 S.W.2d 9 (1973), this court granted a motion for rule on the clerk in a civil case and allowed the record to be tendered two days

---

[3] Arkansas Supreme Court Rule 3-5 authorizes a party to ask this court to "issue a writ of certiorari to the clerk of the circuit court, the reporter, or any other person charged with the duty of preparing the record on appeal" ordering "that the record be completed and certified within thirty days[.]" The rule further provides that the writ "shall order that the record be completed and filed within thirty days." Ark. Sup. Ct. R. 3-5(b). In fact, in *Hilligas, supra,* the court of appeals cautioned that, when dealing with problems such as the one in this case, attorneys would be "wise to routinely make a calendar note to file a petition for writ of certiorari about three weeks before the record is required to be filed in the appellant court." *Hilligas,* 51 Ark. App. at 208-09.

past the ninety-day limit, but only because tornadoes struck the attorney's home and office, damaging the structures and causing counsel to have to substantially increase his duties and responsibilities as Jonesboro city attorney. *Thomas,* 254 Ark. at 997-A. This court stated it could "readily classify the devastating Jonesboro tornado or tornadoes as falling within the category of the forces of nature or Act of God characterizing an unavoidable casualty productive of the 'most extraordinary circumstances' which justify our permitting the tardy lodging of the appeal." *Id.* at 997-B.

The situation in this case does not present an "extraordinary circumstance." It would have been a simple matter for counsel to have called the Commission once more and inquired about the status of the record. Failing that, if counsel were concerned about the status of the record, she could have filed a petition for writ of certiorari, as the court of appeals suggested in *Hilligas, supra.* Under *Davis, supra,* the responsibility for doing so rested squarely on Waste Management's counsel. This court has always required attorneys to manage their practices and timely lodge the records in their clients' cases, and this case does not constitute an exception.

We now turn to the second argument Waste Management raises in support of its motion for rule on the clerk, wherein it suggests that its appeal was not deemed filed until it paid the $15.00 filing fee to the clerk of the Workers' Compensation Commission. Waste Management contends that the payment of the filing fee is a "condition precedent" to filing the appeal; therefore, because it did not pay the filing fee until August 9, 2004, it argues that the tendering of the record on November 8, 2004, was timely.

Section 11-9-711(b)(1)(C) provides that the Commission "may assess and collect an appeal processing fee not to exceed fifteen dollars ($15.00) from the appellant and, if cross appealed, the cross-appellant." As mentioned above, the Commission has enacted a rule making this $15.00 fee mandatory. Rule 18.IV of the Rules and Regulations of the Workers' Compensation Commission provides as follows:

> Any party who files an appeal from a compensation order award made by the Full Commission shall be assessed a fifteen dollar ($15.00) processing fee. Such fee shall be paid by appellant and/or cross-appellant with the filing of the appeal. The record shall not be compiled and certified until such time as the processing fee has been received and acknowledged by the Clerk of the Commission.

Waste Management urges that, because this rule uses the word "shall," it is mandatory, and the fee is a "prerequisite to jurisdiction." Thus, its notice of appeal could not be considered as having been "filed" for jurisdictional purposes until it paid the mandatory filing fee on August 9, even though Waste Management's notice of appeal was received by the Commission on August 6, 2004, and the Commission responded with a letter on August 6, 2004, acknowledging receipt of the notice and advising that payment of the $15.00 fee was required prior to the Commission's compilation and certification of the record.

However, nothing in either the language of § 11-9-711(b)(1)(C) or Rule 18 indicates that the Commission will not consider a notice of appeal to have been filed until the filing fee has been paid; further, nothing in this language supports a conclusion that the Commission may or will decline to accept a notice of appeal until the fee is paid. Rather, the Rule simply provides that the Commission will not begin compiling the record until the fee has been received. Thus, there is no merit to Waste Management's argument that the delay in paying the filing fee until August 9 extended or delayed the filing of its notice of appeal which would have, in turn, extended the deadline for lodging the record with this court.

Motion for Rule on Clerk, denied.

HANNAH, C.J., BROWN and GUNTER, JJ., dissent.

JIM HANNAH, Chief Justice, dissenting. I concur in the majority's decision rejecting Waste Management's argument that the appeal was not deemed filed until the payment of the filing fee to the clerk of the Arkansas Workers' Compensation Commission. However, I must dissent from the majority's decision rejecting Waste Management's argument that the Commission's failure to comply with Ark. Code Ann. § 11-9-711(b)(1)(A) (Supp. 2003) means that this court should accept the tendered record because fault lies with the Commission.

Arkansas Code Annotated section 11-9-711(b)(1)(A) provides:

> The appeal to the court may be taken by filing in the office of the commission, within thirty (30) days from the date of the receipt of the order or award of the commission, a notice of appeal, *whereupon the commission under its certificate shall send to the court all pertinent*

*documents and papers, together with a transcript of evidence and the findings and orders, which shall become the record of the cause.*

(Emphasis added.) It is thus glaringly clear that under the Workers' Compensation Act, the Commission is under a mandatory[1] duty to assemble and tender the record in workers' compensation appeals.[2] What the majority fails to understand is that an action under the Workers' Compensation Act is a statutory action. In *J. L. Williams & Sons, Inc. v. Smith*, 205 Ark. 604, 608, 170 S.W.2d 82 (1943), this court stated on the subject of review in workers' compensation cases:

> The nature of the claimant's cause of action is such that he has no right to insist upon any judicial review except that which the legislature saw fit to provide. The cause of action of one claiming under the workmen's compensation act is purely statutory. The legislature could, even in the absence of the constitutional authority to provide the forum for adjudicating such claims, have attached to the creation of the claim the condition that such a claim could be enforced only before a commission whose decision on questions of fact should be final.

The Legislature has placed the responsibility of maintaining, preparing, and sending the record to this court on the Commission. Judicial review of decisions of the Commission in workers' compensation cases is controlled by statute, and the majority errs in blind application of the rules of appellate procedure designed for review of cases appealed from a circuit court. As an example of this error, the majority states, "However, Waste Management was then required to file its record on review within ninety days from the filing of its notice of appeal." This statement ignores the clear command in Ark. Code Ann. § 11-9-711 that the Commission must send the record to this

---

[1] Ark. Code Ann. § 11-9-711(b)(1)(A) (Supp. 2003) states that the Commission "shall" send the record to this court. When interpreting statutory language this court has found that the word "shall" in the statute indicates mandatory compliance with the statute's terms unless compliance would result in an absurdity. *Marcum v. Wengert*, 344 Ark. 153, 40 S.W.3d 230 (2001).

[2] I recognize that the Commission has instituted an informal procedure whereby the attorney is notified that the record is ready and may be picked up. Thus, under current practice, attorneys are carrying the record to this court; however, attorneys still have no control over the Commission to assure that the record is created, and I reject any notion that this informal process may be substituted by the Commission in the place of its statutorily declared duties.

court, and the majority simply assumes without analysis that Ark. R. App. P. — Civ. 5 applies in this case. The court of appeals has applied Rule 5 in workers' compensation cases with the caveat that this court has not declared the rule applicable. *See Davis v. C & M Tractor Co.*, 2 Ark. App. 150, 617 S.W. 2d 382 (1981). If Rule 5 is to be applied, then this court should provide some analysis as to how it could apply in the face of contrary, plain and unambiguous language in the workers' compensation statutes. The assumption in blindly applying the rules of appellate procedure is hard to understand given that the majority acknowledges in the opening paragraph of the majority opinion that section 11-9-711 is "a special statute that sets out how one appeals from an order rendered by the Workers' Compensation Commission."

The workers' compensation statutes have provided for review in the courts since the first act was passed in 1939. Act 319 of 1939 provided for an appeal to the circuit court. The Commission was assigned the duty of creating a record and sending it to the circuit court for review there. Appeal from the decision of the circuit court was "allowed the same as in civil actions. . . ." Act 319, Section 25(b). Application of the normal civil appeals rules and processes under the 1939 act was quite logical and understandable because under Act 319, an appeal to this court was an appeal of a decision of the circuit court. This was application of appellate jurisdiction in the review of an order or decree of a lower court. *See Lewellen v. Supreme Court Comm. on Prof'l Conduct*, 353 Ark. 641, 110 S.W.3d 263 (2003).

However, in Act 252 of 1979, the legislature changed the forum of initial judicial review from the circuit court to the newly created court of appeals, and instead of stating that an appeal from circuit court to this court would be as allowed in other civil actions, stated, "Appeals from the Commission to the Court of Appeals shall be allowed as in other civil actions. . . ." The majority simply assumes that "as in other civil actions" means that we just treat the appeal as any other appeal. The phrase "as in other civil actions" was apparently incidently taken from Act 319 of 1939 and included as part of the redraft in 1979. Regardless, the majority's application of the rules of appellate procedure to a workers' compensation appeal creates an absurd result. We do not engage in an interpretation of statutes that creates an absurd result. *AT&T v. Arkansas Pub. Serv. Comm'n*, 344 Ark. 188, 40 S.W.3d 273 (2001).

Let us briefly consider the obvious result of the majority's decision. An attorney is now on notice that although the statute requires the record to be prepared and tendered by the Commission, he or she must monitor the progress and be responsible if the Commission fails to comply with its statutory duty. One must wonder just how an attorney is to fulfill the duty of overseeing the activities of the Workers' Compensation Commission. Will the attorney be allowed to come in and review progress of the work on his or her record to see if the Commission is timely fulfilling its duty? What if the attorney determines that nothing has been done to prepare and tender the record and only a few days remain before the record must be tendered in this court? A petition for a writ of mandamus is the obvious answer,[3] but just when must an attorney file a petition for mandamus to order the Commission to create and tender the record? If the attorney gets nervous and files the petition too soon, this court will probably reject it because the Commission has time to complete the task. If the attorney waits too long, then the court may reject the petition because there is too little time for the court or the Commission to act. The bottom line of the majority's decision is that regardless of an attorney's action or inaction, he or she bears responsibility if the Commission fails to timely send the record even though the attorney has utterly no control over the Commission. To say that is an absurd result is an understatement. Thus, the majority creates yet another trap for the bar and the hapless worker.

The majority's holding is also directly contrary to the longstanding principle that neither a party nor an attorney is responsible for the actions or inactions of the courts. In *Credit Industrial Co. v. Blankenship*, 230 Ark. 371, 376, 323 S.W.2d 198 (1959), this court discussed the loss of original trade acceptances "while in custody of the law," and stated the maxim: "An act of the Court shall prejudice no man." *See also Bartlett v. Standard Life and Accident Ins. Co.*, 223 Ark. 37, 264 S.W. 2d 46 (1954). It is basic that a litigant should not be prejudiced by an act of the court.

---

[3] I recognize that the court of appeals in *Hillgas v. Potashnick Constr. Co.*, 51 Ark. App. 207, 912 S.W.2d 945 (1995) stated that an attorney should file a petition for a writ of certiorari "about three weeks before the record is required to be filed in the appellate court." However, while this is an understandable attempt to solve the problem by an advisory statement in an opinion, Ark. Code Ann. § 11-9-711(b)(1)(A) (Supp. 2003) squarely places the burden on the Workers' Compensation Commission and "about three weeks" appears to be a suggestion rather than any holding on which an attorney might rely when the petition is denied.

*Dutton-Lainson Co. v. McGee*, 260 Ark. 494, 542 S.W.2d 739 (1976). Similar to the case presently before this court, in *Dutton*, the error was attributed to the clerk. In *Thweatt v. Knight & Daughters of Tabor*, 128 Ark. 269, 272,193 S.W. 508 (1917), this court stated that the principle that an act of the court shall prejudice no person was based "upon justice and good sense." (quoting Herbert Chitty, *Broom's Legal Maxims*, at 99 (8th ed. 1911)). How can an attorney be held responsible for tendering a record over which he or she has no control?

Under the facts of this workers' compensation case, and the language of Ark. Code Ann. § 11-9-711, the majority's statement that "[t]his court has always required attorneys to manage their practices and timely lodge the records in their clients' cases, and this case does not constitute an exception," is puzzling. Because it is the duty of the Commission to prepare and provide the record to this court, I would grant the motion and order the clerk to file the record based on a failure of the Commission to fulfill its duty. There was a failure of the Commission to comply with the statute; therefore, we need not discuss acts of God. This court should order the clerk to file the record.

BROWN and GUNTER, JJ., join.

ROBERT L. BROWN, Justice, dissenting. I would grant the motion for rule on clerk. The delay in filing this record is in no way attributable to the appellant's attorney which to my way of thinking makes this an extraordinary circumstance. Here, the Workers Compensation Commission failed in the statutory duty prescribed by the General Assembly which places the filing of the record squarely on the Commission's shoulders:

> (A) The appeal to the court may be taken by filing in the office of the commission, within thirty (30) days from the date of the receipt of the order or award of the commission, a notice of appeal, *whereupon the commission under its certificate shall send to the court all pertinent documents and papers, together with a transcript of evidence and the findings and orders, which shall become the record of the cause.*

*See* Ark. Code Ann. § 11-9-711(b)(A) (Repl. 2002) (emphasis added). There is nothing ambiguous or unclear about this statute. To hold the attorney responsible for the Commission's absolute failure to follow state law seems to me to be unreasonable in the extreme.

The majority claims that this excuse is not an extraordinary circumstance such as an ice storm, tornado, or other national

disaster. Of course, it's not. What it is is a failure of the Commission to follow a statutory mandate which clearly requires it to file the record — not the appealing attorney. That the Commission failed in its duty is an excuse that is equivalent to a natural disaster in my judgment.

This court should not limit itself to acts of God as reasons for permitting late filings in egregious circumstances, such as we have before us. Here, it was the Commission that was *totally* at fault under state law.

I respectfully dissent.

HANNAH, C.J., and GUNTER, J., join in this dissent.